UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| MAYOR TYRIN Z. TRUONG, ET AL. | * | SECTION "A" (2) |

### ORDER

Before me is Plaintiff's application to proceed in district court without prepaying fees or costs. ECF No. 2. Plaintiff's application is submitted on the AO 240 Form, but the information provided does not support a finding that she is financially eligible to proceed in forma pauperis.

Plaintiff indicates a gross annual income of $65,000, with take home pay of $1,740 per pay period (or approximately $3,500 per month) with monthly living expenses of $3,100. *Id.* at 1-2. In addition, she owns a home and car of unspecified values and has over $600 in her checking account. *Id.* at 2. Plaintiff indicates no dependents. *Id.* Although Plaintiff indicates that she has debts for "auto, home, loan," she does not provide any information about the amount of those debts or otherwise indicate that those debts are not included in the $3,100 monthly expenses for "electric, gas, loans, living." *Id*.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Id.*; *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] *See Prows*, 842 F.2d at 140.

1

of plaintiff's income sources (including social security or unemployment payments[4]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[5]

Plaintiff's $65,000 annual income is well above the federal poverty guidelines.[6] Further, her monthly take-home pay of $3,500 per month is $400 more than her stated monthly expenses, she has over $600 in her checking account, and she owns a home and vehicle of unstated values. Based on the information provided regarding Plaintiff's assets and income as well as mandatory monthly expenses, the Court cannot determine that payment of the $405 filing and administrative fee would cause undue financial hardship. Accordingly,

IT IS ORDERED that that Plaintiff's application is DENIED.

New Orleans, Louisiana, this __4th__ day of December, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] Courts consider social security payments in making the in-forma-pauperis determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 550665 (Feb. 12, 2013).
[5] *Prows*, 842 F.2d at 140.
[6] Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024) (setting $15,060 as poverty guideline for single-person household).