UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WENDY WILLIAMS DUPONT

VERSUS

TYRIN Z. TRUONG as THE MAYOR OF
THE CITY OF BOGALUSA

CIVIL ACTION

NO: 24-2775

SECTION: "A" (2)

## ORDER AND REASONS

The following motions are before the Court on the briefs and without oral argument: a **Motion for Default Judgment (Rec. Doc. 19)**, filed by *pro se* Plaintiff Wendy Dupont; and a **Motion to Set Aside Default (Rec. Doc. 21)**, filed by Defendant Tyrin Truong. For the following reasons, Defendant's motion is granted, and Plaintiff's motion is denied as moot.

## I.    Background

In short, this case concerns allegations that Mr. Truong violated Ms. Dupont's First Amendment rights by restricting her access to his public-facing official Facebook account as the Mayor of Bogalusa.[1] Her lawsuit seeks injunctive relief and monetary damages.[2]

Ms. Dupont filed her lawsuit on November 27, 2024 but failed to properly or timely serve Mr. Truong until April 15, 2025.[3] Mr. Truong failed to timely respond to the lawsuit, and Ms. Dupont moved for an entry of default, which was granted.[4] On June 23, 2025, Mr. Truong filed the instant Motion to Set Aside Default along with his Answer.[5] His Answer includes a counterclaim against Dupont alleging that she filed this lawsuit "for an improper purpose."[6]

Through his motion, Truong acknowledges that he was served on April 15, 2025 while at a City Council meeting, but asks the Court to set aside the entry of default and permit him to proceed *pro se* on the basis that, until recently, he lacked knowledge that he was unrepresented in this matter.[7] In support of his argument, he contends that the City of Bogalusa Fiscal Administrator directed the City Attorney not to represent Truong in this matter and that he did so without giving Mr. Truong

---

[1] Rec. Doc. 1, ¶ 4.
[2] *See* Rec. Doc. 1.
[3] *See* Rec. Doc. 11; Rec. Doc. 13; Rec. Doc. 14; Rec. Doc. 17.
[4] Rec. Doc. 16.
[5] Rec. Doc. 21, at 2.
[6] *See* Rec. Doc. 20.
[7] Rec. Doc. 21, at 2.

notice of the directive.[8]

## II.    Discussion

Federal Rule of Civil Procedure Rule 55(c) provides that a court may grant relief from the entry of a default for "good cause shown." Fed. R. Civ. P. 55(c). To determine whether good cause exists, a court considers three factors: 1) whether the default was willful, 2) whether setting it aside would prejudice the adverse party, and 3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). These factors are not exclusive, as the decision to set aside a default is "necessarily informed by equitable principles." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Therefore, a court may also consider factors including whether the defendant acted expeditiously to correct the default or whether the public interest was implicated. *Id.*

Having considered the aforementioned factors and other equitable principles in the context of the reasons provided in Mr. Truong's motion, the Court finds that there is good cause to set aside the entry of default.

Accordingly;

**IT IS ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 21)**, filed by *pro se* Defendant Tyrin Truong, is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Default Judgment (Rec. Doc. 19)**, filed by *pro se* Plaintiff Wendy Dupont, is **DENIED AS MOOT**.

July 7, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[8] Rec. Doc. 21, at 1 ("Recently I asked [the City Attorney, Mr. Kelvin May,] what had happened to the suit and he told me that [the Fiscal Administrator, Mr. Robert Nielson,] . . . had told him not to represent me in that case.").

2