UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| MAYOR TYRIN Z. TRUONG | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Wendy Williams Dupont's Motion for Leave to File Amended Complaint to Add Co-Plaintiff Bogalusa Rebirth. ECF No. 28. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, November 25, 2025. *See* E.D. La. L.R. 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the argument of counsel, and the applicable law, the Motion is DENIED for the reasons that follow.

**I.    BACKGROUND**

Plaintiff filed suit alleging that she is an employee of Bogalusa Rebirth and that Defendant violated her First Amendment rights by improperly blocking or restricting her access to his social media accounts. ECF No. 1 ¶¶ 1, 4. Plaintiff also alleges that Defendant retaliated against her employer. *Id.* ¶ 6. Plaintiff filed this proceeding *pro se*. *Id.* at 3. She now seeks to amend her complaint to add her employer Bogalusa Rebirth as a co-Plaintiff. ECF No. 28.

**II.    ANALYSIS**

Initially, although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1] The court may properly consider the merits of even an unopposed

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

motion.[2]

"[A] corporation may appear in the federal courts only through licensed counsel."[3] Courts reason that the right to conduct business in an entity form carries with it an obligation to hire a lawyer when the entity is sued.[4] Thus, a corporation cannot litigate *pro se*; it may only do so through an attorney.[5] Plaintiff Dupont is not a licensed attorney. Therefore, she cannot file a complaint on behalf of Bogalusa Rebirth.

When confronted with an unrepresented corporation that seeks to proceed *pro se* in federal court, a district court may take a number of appropriate measures, including admonishing the corporation that it may not proceed without counsel, ordering that the corporation retain counsel within a certain period of time, striking any improper filings, or dismissing the case.[6] Indeed, the Fifth Circuit has "previously affirmed dismissals of claims or striking of pleadings of unrepresented corporations."[7]

Because Plaintiff may not represent Bogalusa Rebirth, she cannot join it as a party; Bogalusa Rebirth must have counsel appear on its behalf. For that reason, Plaintiff's request for leave to amend the complaint is improper and lacks merit. Should Bogalusa Rebirth desire to join

---

[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).
[3] *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).
[4] *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) (citing *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008)).
[5] *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Sw. Exp. Co. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law." (citations and quotation marks omitted)); *see also Am. Safety LLC v. Alger*, No. 20-3451, 2021 WL 1753808, at *2 (E.D. La. May 4, 2021) (Brown, C.J.) (holding that LLC cannot appear through non-attorney president and member); *Galan v. Wolf*, No. 90-855, 1990 WL 109374, at *2 n.1 (E.D. La. July 17, 1990), *aff'd*, 925 F.2d 1459 (5th Cir. 1991).
[6] *Murillo v. Coryell Cnty. Tradesmen, LLC*, No. 15-3641, 2016 WL 7441146, at *2 (E.D. La. Dec. 27, 2016) (Brown, J.) (citing *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 n.5 (5th Cir. 2004); *Argonaut Midwest Ins. Co. v. XP Servs. Inc.*, No. 12-2304, 2013 WL 12140407, at *1 (S.D. Tex. Mar. 13, 2013))).
[7] *Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (citing *Donovan*, 736 F.2d at 1005; *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. Unit B July 1981)).

Plaintiff's case, it must obtain counsel and may seek to intervene as a plaintiff under Federal Rule of Civil Procedure 24 or file its own case with an indication that it relates to Plaintiff's suit as required by Local Rule 3.1.

## III. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint to Add Co-Plaintiff (ECF No. 28) is DENIED.

New Orleans, Louisiana, this __5th__ day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE