**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WENDY WILLIAMS DUPONT** | **CIVIL ACTION NO. 24-2775** |
| **VERSUS** | **SECTION "A" (2)** |
| **MAYOR TYRIN Z. TRUONG** | **JUDGE: JAY C. ZAINEY** |
| | **MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT** |

**MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES**

NOW INTO COURT, though undersigned counsel, comes Plaintiff Wendy Dupont who respectfully submits this memorandum in support of her *Motion to Continue Trial Date and Pre-Trial Deadlines*. Defendant Mayor Tyrin Z. Truong objects to this motion.

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). A court should consider the movant's reasons for needing an extension, the importance of the extension, potential prejudice of granting an extension, and the availability of the continuance to cure such prejudice in determining whether good cause exists. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). If good cause exists, the decision to grant a continuance is within the discretion of the court. *Id.* at 535-536.

Here, good cause exists for a re-setting of the scheduling order. On December 5, 2026, this Court denied a motion for leave to file an amended complaint adding co-plaintiff Bogalusa Rebirth. R. Doc. 31. The Court's reasoning was that "Bogalusa Rebirth must have counsel appear on its behalf" if it wishes to join the case. *Id.* at 2. Since then, Ms. Dupont and Bogalusa Rebirth have jointly retained counsel, the firm of Most & Associates.

This case has been complicated by having pro se litigants on both sides (*see, e.g.*, R. Doc. 16 (entry of default against defendant), and a resetting of the scheduling order paired with the involvement of counsel will aid the Court by ensuring that all pre-trial procedures occur more smoothly than if the case continued entirely pro se, and clearing up certain procedural complications. For example, Defendant Tyrin Truong was sued in both his individual <u>and</u> official capacities. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Official-capacity suits are, therefore, "treated as a suit against the entity" itself. *Id.* at 166, *as cited in Zavala v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 17-656, 2018 WL 4517461, at *14 (M.D. La. Sept. 20, 2018). In other words, the City of Bogalusa itself is a defendant, sued through the Mayor in his official capacity. But Mayor Truong's Answer (R. Doc. 20) is ambiguous as to whether he answered in just his individual capacity or also in his official capacity. It is therefore ambiguous whether the City of Bogalusa has defaulted or not.

This case has the very unusual feature that the City of Bogalusa is a defendant, but the Mayor reports that the City of Bogalusa's Fiscal Administrator directed the City Attorney not to defend the case. R. Doc. 22 at 2. Resetting the scheduling order will allow the parties to resolve this unusual feature.

The firm of Most & Associates also has a trial scheduled for almost overlapping days with the trial scheduled in this case. *Compare B.W. v. City of New Orleans,* 2020-5949 (Orleans Civil District Court, June 7, 2025) (setting eight-day trial to begin April 7, 2026) *with* R. Doc. 27 (setting trial to begin April 20, 2026). That provides additional good cause for a resetting of the scheduling order.

There is also no prejudice to Defendants. Although Mayor Truong objects to this motion, it would actually be to his benefit. As of now, the trial of this matter is scheduled to begin April 20, 2026. (R. Doc. 27). Mayor Truong is also the defendant in a criminal trial set to proceed that same month. It is anticipated that parallel criminal and civil trials both involving Mayor Truong will harm his ability to defend either, and also cause difficulties for this Court and the Plaintiff. Defendant Truong has also failed to engage in any discovery whatsoever in this matter, and so a resetting of the scheduling order would give him the time to engage in discovery necessary for his defense.

For these reasons, Plaintiff Wendy Dupont requests that the trial and expired deadlines be continued.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope Phelps*

_____
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: 504.500.7974
Fax: 504.414.6400
Email: hopeaphelps@outlook.com

*Counsel for Wendy Dupont*