| | |
|---|---|
| **WENDY WILLIAMS DUPONT** | CIVIL ACTION NO. 24-2775 |
| **VERSUS** | SECTION "A" (2) |
| **MAYOR TYRIN Z. TRUONG** | JUDGE: JAY C. ZAINEY |
| | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

**Memorandum in Support of Motion for Leave to File First Amended Complaint**

On November 27, 2025, Plaintiff Wendy Dupont filed this first amendment suit against the Mayor of Bogalusa, Louisiana, Tyrin Z. Truong in both his official and individual capacities. R. Doc. 1. Ms. Dupont alleged that in response to her protected speech, Defendant Truong improperly blocked or restricted her access to social media accounts and retaliated against her employer, Bogalusa Rebirth. *Id.* Ms. Dupont filed the complaint pro se. *Id.* After defaulting, Mr. Truong filed an answer pro se (R. Doc. 20) and the Court set aside the default (R. Doc. 22).

Subsequently, Ms. Dupont requested to amend the complaint to add Bogalusa Rebirth as a co-Plaintiff. ECF No. 28. On December 5, 2025, this court denied Ms. Dupont's request on the grounds that Bogalusa Rebirth must litigate through an attorney. R. Doc. 31.

Ms. Dupont then retained undersigned counsel to represent her and Bogalusa Rebirth on January 20, 2026. On January 21, 2026, undersigned counsel gave notice to Defendant that Plaintiff intended to move for leave to file an amended complaint. Defendant objected. On January 26, 2026 undersigned counsel filed a Motion to Enroll as Counsel.

Plaintiff Dupont asks for leave to amend her complaint to add Bogalusa Rebirth as a Plaintiff. The proposed pleading is attached as Exhibit A.

Accordingly, Plaintiff asks for leave to amend her complaint to add Bogalusa Rebirth as a

co-Plaintiff. The proposed pleading is attached as Exhibit A.

Defendant Mayor Tyrin Z. Truong opposes this motion.

**A.    Legal Standard**

Where, as here, a party seeks leave to amend more than twenty-one days after serving its pleading, service of a responsive pleading, or service of a motion under Rules 12(b), (e), or (f), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted).

"[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (*quoting Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

**B.    The motion should be granted because there has been no undue delay by Plaintiff nor any other reason to deny leave to amend.**

Generally, leave to amend should be granted unless there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice, *etc. Mayeaux, supra,* 376 F.3d 420, 425. *See also Rachman Bag Co. v Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (allowing amendment of complaint four years into lawsuit even though the "principal issue in the case changed several times").

Here, Plaintiff Wendy Dupont proposes to add her employer, Bogalusa Rebirth, as a co-Plaintiff. The principal issue in this case is the same: violation of First Amendment rights and retaliation by Defendant Mayor Tyrin Z. Truong. And there is no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice on the part of Plaintiff. In the Original Complaint, Ms. Dupont included allegations that Defendant retaliated against Bogalusa Rebirth. ECF No. 28, ¶6. Defendant Truong is not prejudiced because he was aware of the allegations regarding Bogalusa Rebirth, and, to date, he has not engaged in any discovery. Additionally, Plaintiff will also move for an amendment to the scheduling order for this case to accommodate Defendant Truong's upcoming criminal trial, which is set for April 2026.

Lastly, in the Order and Reasons, dated December 5, 2025, this Court directed Bogalusa Rebirth to retain counsel if it desires to join Ms. Dupont's case. R. Doc. 31. Bogalusa Rebirth has complied, and undersigned counsel now represents both Ms. Dupont and Bogalusa Rebirth. Accordingly, Ms. Dupont should be allowed to amend her complaint to add Bogalusa Rebirth as a co-Plaintiff.

**C.   Conclusion**

For the reasons described above, Plaintiff requests that the motion be granted, and that she be allowed leave to file her First Amended Complaint.

Respectfully Submitted:

MOST & ASSOCIATES

*/s/ Hope Phelps*

**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685

New Orleans, LA 70170
Tel: 504.500.7974
Fax: 504.414.6400
Email: hopeaphelps@outlook.com

***Counsel for Wendy Dupont***