UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDY WILLIAMS DUPONT** | CIVIL ACTION NO. 24-2775 |
| **VERSUS** | SECTION "A" (2) |
| **MAYOR TYRIN Z. TRUONG** | JUDGE: JAY C. ZAINEY |
| | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITION APPEARNACE AND FOR SANCTIONS

COMES NOW Plaintiff Wendy Dupont to file this memorandum in support of her motion to compel Mayor Tyrin Truong's deposition testimony and written discovery responses, and for sanctions.

Defendant Truong, the defendant in this case, failed to appear for his scheduled deposition. In the month leading up to this scheduled deposition, Defendant refused to provide any available dates for his deposition. However, the day prior to the properly noticed and scheduled deposition, Defendant claimed he was, "not available" and that he had "never agreed to this date." Plaintiff Wendy Dupont advised Defendant that she would be moving forward with the deposition as noticed and scheduled for February 20, 2026. Defendant did not appear.

Defendant also failed to produce any response to the written discovery requests propounded by Ms. Dupont on January 20, 2026.

The parties met and conferred on February 23, 2026. During this meeting, Defendant Truong stated that he will not provide responses to Plaintiff's written discovery requests without the advice of counsel, and indicated that he has had difficulty finding representation. Defendant agreed to sit for his deposition any day the week of March 9 – 13, 2026, preferably in the morning.

1

Following the meet and confer, Defendant Truong stated that he would file a motion requesting a discovery extension. Ms. Dupont is opposed to such an extension.

As this is the eve of the close of discovery, Plaintiff moves this Court for an order compelling Defendant's discovery responses and deposition, and seeks sanctions.

### I.   Statement of Facts and Procedural History.

On November 27, 2024, Plaintiff Wendy Dupont filed this first amendment suit against the Mayor of Bogalusa, Louisiana, Tyrin Z. Truong in both his official and individual capacities. R. Doc. 1. Ms. Dupont alleged that in response to her protected speech, Defendant Truong improperly blocked or restricted her access to social media accounts and retaliated against her employer, Bogalusa Rebirth. *Id.* Ms. Dupont filed the complaint pro se. *Id.* After defaulting, Mr. Truong filed an answer pro se (R. Doc. 20) and the Court set aside the default (R. Doc. 22).

Prior to the enrollment of undersigned counsel, on January 20, 2026, Plaintiff Wendy Dupont propounded a set of written discovery requests on Defendant Truong and provided notice of intent to take his deposition.[1] Ms. Dupont requested that Defendant Truong provide his availability for the deposition. Defendant Truong failed to provide any available dates for his deposition.

On February 9, 2026, undersigned counsel noticed Defendant Truong's deposition to take place on Friday, February 20, 2026, at 10:00 a.m. at Bogalusa City Hall 214 Arkansas Ave., Bogalusa, LA 70427.[2]  Defendant Truong received a copy of this notice via electronic mail to his address, mayor@bogalusa.org. Defendant Truong did not provide any response regarding his availability and failed to propose any alternative dates

On February 19, 2026, the day prior to the scheduled deposition, Defendant Truong

---

[1] Exhibit A, Documents, Notice, and Discovery Requests propounded on Defendant Truong by Plaintiff Wendy Dupont on January 20, 2026.
[2] Exhibit B, Notice of Deposition propounded on Defendant Truong by undersigned counsel on February 9, 2026.

responded via electronic mail from his mayor@bogalusa.org address. He claimed that he was "not available," and that he had, "never agreed to this date."

Given that the discovery cutoff was days away, Ms. Dupont declined to reschedule Defendant Truong's deposition. She responded to Defendant Truong's email that same day advising him that, "[t]he deposition was properly noticed and timed in accordance with the courts scheduling order." The morning of the scheduled deposition, Ms. Dupont again confirmed to Defendant Truong that she intended to proceed with the deposition as noticed. On February 20, 2026, Defendant Truong failed to appear for his scheduled deposition. Defendant Truong also failed to timely respond to Plaintiff's Interrogatories and Requests for Production.

On February 23, 2026, the parties held a meet and confer about Defendant's failure to respond to written discovery requests and failure to appear for his deposition. Defendant Truong stated that he will not provide responses to Plaintiff's written discovery requests without the advice of counsel, and indicated that he has had difficulty finding representation. Defendant agreed to sit for his deposition any day the week of March 9 – 13, 2026, preferably in the morning. Following the meet and confer, Defendant Truong stated that he would file a motion requesting a discovery extension. Plaintiff is opposed to such an extension.

This Motion addressees Defendant Truong's failure to respond to discovery requests and failure to appear for his deposition.

## II.  LAW AND ANALYSIS

### A. This Court should Compel Defendant Truong to Respond to the Interrogatories and Requests for Production.

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(3), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or produce documents.

The Federal Rules grant the district court broad discretion in ruling on discovery matters

such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C.*, Inc. 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.,* 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004).

To date, Defendant Truong has provided no response to Plaintiff's discovery requests and not a single page of documents. Plaintiff has attempted in good faith to obtain the responses and documents without court action. Before seeking a motion to compel, the movant must confer, or attempt to confer, in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1). Here, Plaintiff's counsel certifies that she has complied with the requirements of FRCP 37(a)(1).[3]

Defendant Truong indicated that he will not provide responses to the discovery requests without the advice of legal counsel. However, Defendant Truong has failed to secure legal counsel and has provided no indication when he expects to retain counsel. Following the meet and confer, Defendant Truong expressed intent to file a motion requesting a discovery extension, which Plaintiff Ms. Dupont opposes.

Plaintiff respectfully requests that this Court issue an order compelling Defendant Truong to respond to the written discovery request within two-weeks of such order.

**B.    The Court should grant this motion because Defendant Truong failed to appear for his properly noticed deposition.**

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party." *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr.*, No. 10-171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts

---

[3] Exhibit C, Rule 37.1 Declaration of Counsel Hope Phelps.

4

sought by the moving party is subject to examination")

Pursuant to Fed. R. Civ. P. 37(d)(1)(A), the court where an action is pending may, on motion, order sanctions if a "party . . . fails, after being served with proper notice, to appear for [his/her] deposition." Fed. R. Civ. P. 37(d)(1)(A). Rule 37(d)(3) sets forth the types of sanctions a court may impose. Such sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

In addition to those sanctions, the Court must also require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff served Defendant Truong, a party to this case, with proper notice of his deposition on February 9, 2026. Plaintiff placed Defendant Truong on notice that his deposition would take place on Friday, February 20, 2026, at 10:00 a.m. at Bogalusa City Hall 214 Arkansas Ave., Bogalusa, LA 70427. Defendant Truong received a copy of this notice via electronic mail to his address, mayor@bogalusa.org.

Prior to unilaterally scheduling the deposition on this date, on January 20, 2026, Plaintiff Wendy Dupont had requested that Defendant Truong provide his availability for the deposition. Defendant Truong failed to provide any available dates for his deposition. Similarly, Defendant Truong failed to promptly respond to the notice of his deposition to request or propose alternative dates.

Yet, the day prior to the properly noticed and scheduled deposition, Defendant claimed he was, "not available" and that he had "never agreed to this date." Plaintiff Wendy Dupont

advised Defendant that she would be moving forward with the deposition as noticed and scheduled for February 20, 2026. Defendant did not appear.

During the meet and confer, Defendant agreed to sit for his deposition any day the week of March 9 – 13, 2026, preferably in the morning. Subsequently, the Court reset the scheduled status conference to March 26, 2026, and set the *Motion for Leave to Withdraw as Counsel* for hearing on that same date.

Plaintiff respectfully requests that this Court issue an order that Defendant appear for his deposition within two weeks of the March 26, 2026 status conference at a time and location convenient for Ms. Dupont.

**B.      If this Court grants this motion, it should grant Plaintiffs' reasonable fees.**

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, none of the three exceptions apply. First, Plaintiff has worked in good faith to obtain Defendant's discovery responses and deposition testimony. Plaintiff invited Defendant to pick a date for his deposition that was convenient for him. Defendant ignored this invitation. Second, Defendant's failure to respond to the requests and to appear for his deposition was not substantially justified. This case was filed over a year ago. He has had ample time to secure legal representation. And third, no other circumstances make an award of fees unjust.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion. She asks that this Court:

1. Order that Defendant Truong provide written responses to Ms. Dupont's Interrogatories and produce documents responsive to her Requests for Production within two weeks of this order.

2. Order Defendant Truong to appear for his deposition within two weeks of the March 26, 2026 status conference at a time and location convenient for Ms. Dupont.

3. Order Defendant Truong to pay the costs and reasonable fees incurred for the deposition of February 20, 2026.

4. Order that Defendant Truong pay the reasonable attorneys fees incurred in preparing this motion.

5. Issue the admonition given to a non-appearing deponent in *McCoy v. SC Tiger Manor, LLC*, 19-cv-723-JWD-SDJ, R. Doc. 156 (M.D. La., Apr. 8, 2021): "let the Court be absolutely clear here, that if [the non-appearing party] fails to comply with all instructions of this Court regarding the rescheduling of [his] deposition, including attending and participating in that deposition once scheduled, [he] will be in violation of this Order of the Court, and sanctions will be imposed, which can include finding [him] in contempt of Court and/or [dispositive sanctions]."

Respectfully Submitted:

**MOST & ASSOCIATES**

*Hope Phelps*
_____

**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: 504.500.7974
Fax: 504.414.6400
Email: hopeaphelps@outlook.com

**Certificate of Service**

I hereby certify that on February 24, 2026 the above and attached have been sent to Defendant Mayor Tyrin Truong via electronic mail to mayor@bogalusa.org and USPS to 704 N Columbia Road, Bogalusa, LA 70427.

*/s/ Hope Phelps*
Hope Phelps
