UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is a Motion to Compel Discovery Responses and Deposition Appearance and Motion for Sanctions filed by Plaintiff Wendy Williams Dupont. ECF No. 47. Defendant Tyrin Truong failed to file an Opposition Memorandum, as required by Local Rule 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel is GRANTED and the Motion for Sanctions is DENIED for the reasons stated herein.

**I.      BACKGROUND**

Plaintiff filed suit alleging that she is an employee of Bogalusa Rebirth and that Defendant Tyrin Truong violated her First Amendment rights by improperly blocking or restricting her access to his social media accounts. ECF No. 1 ¶¶ 1, 4. Plaintiff also alleges that Defendant retaliated against her employer. *Id.* ¶ 6. Plaintiff had been proceeding *pro* se after filing on November 27, 2024, but enrolled counsel on January 28, 2026, which counsel moved to withdraw on February 19, 2026. ECF Nos. 1, 36, 43.

On January 19, 2026, Plaintiff served a Notice of Deposition, Interrogatories and Requests for Production on Defendant. ECF No. 47-2. Her counsel issued a second Notice of Deposition

1

on February 9, 2026, scheduling the deposition for Friday, February 20, 2026.  ECF No. 47-3.  On February 19, 2026, Defendant responded to the notice, allegedly indicating  he was not available and had not agreed on the scheduled date.  ECF No. 47-1 at 2-3.  Additionally, Defendant has not responded to the Interrogatories or Requests for Production.  *Id.* at 3.  Plaintiff asks that the Court order Defendant to respond to the written discovery and sanction him for failure to appear at his deposition.  *Id.* at 4-5.

## II.     APPLICABLE LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]

### A. Failure to Response to Interrogatories and Requests for Production

The Federal Rules of Civil Procedure authorize a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1).  When a party is served with written discovery, that party must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[2]  The required written responses are due within thirty days after being served, unless otherwise stipulated or ordered.  FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A).

Plaintiff served the Interrogatories and Requests for Production on Defendant by both email and certified mail.  ECF No. 47-2 at 7-12.  To date, however, Defendant has failed to

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

respond.  Defendant must provide written responses to the outstanding discovery.

### B. The Notices of Deposition

The Federal Rules of Civil Procedure require a party seeking to depose another party to give written reasonable notice, which notice "must state the time and place of the deposition and, if known, the deponent's name and address." FED. R. CIV. P. 30(b)(1).  Courts generally hold that "any timeframe less than 14 days is likely unreasonable."[3]  Indeed, proposed amendments to Rule 45 released on August 15, 2025, for public comment would make clear that "reasonable notice" requires 14 days' notice.[4]

Plaintiff's initial Notice of Deposition is facially invalid.  It lists the date of the deposition as "February 13, or February 16, or February 17" at "a mutually agreeable location, TBD."  ECF No. 47-2 at 1.  Presumably recognizing the facial invalidity of Plaintiff's deposition notice, counsel issued another Notice of Deposition on February 9, 2026, scheduling a deposition for February 20, 2026.  ECF No. 47-3.  That second notice, however, provided less than 10 working days' notice.  Of course, the proper course of action for a defendant aggrieved by a deposition notice or unable to appear as noticed is to file a motion to quash or seek a protective order under Rule 26(c), not simply to defy the notice and fail to appear.  Nevertheless, although the court may issue sanctions if a party fails, after being served with proper notice, to appear for that deposition,[5] the court declines to issue sanctions given concerns regarding the sufficiency of notice for the February 20, 2026, deposition.

---

[3] *Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015) (citing *Hall v. Louisiana*, No. 12–657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014) (quashing subpoenas that provided 12 and 9 days' notice); *Thomas v. IEM, Inc*., No. 06–886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (subpoenas would be quashed where they only allowed 9 business days to respond and produce documents)).
[4] *See* Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, at 57-59, available at https://www.uscourts.gov/records-rules-committees/preliminary-drafts-proposed-rule-amendments.
[5] FED. R. CIV. P. 37(d)(1)(A).

The Court will, however, order Defendant to appear for deposition. Within the next 7 days, Defendant must provide Plaintiff with a list of his dates over the next 30 days on which he is available for deposition. Plaintiff may then re-issue a proper Notice of Deposition on one of the available dates. Should Defendant fail to provide a list of available dates within the next 7 days, Plaintiff is free to notice his deposition on a date convenient to her and re-issue a Notice of Deposition that provides Defendant with at least 14 days' notice. Defendant's failure to appear will result in sanctions.

### III. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED.

IT IS FURTHER ORDERED that Defendant provide written responses to Plaintiff's Interrogatories and Requests for Production within 21 days. Failure to comply with this Order will result in sanctions.

IT IS FURTHER ORDERED that Defendant appear for deposition. Within the next 7 days, Defendant must provide Plaintiff with a list of his available dates for deposition over the next 30 days. Should Defendant fail to provide his list of available dates, Plaintiff is free to notice his deposition on a date convenient to her and re-issue a Notice of Deposition that provides Defendant with at least 14 days' notice. Defendant's failure to appear will result in sanctions.

IT IS FURTHER ORDERED that the Motion for Sanctions is DENIED.

IT IS FURTHER ORDERED that a copy of this Order shall be sent to Defendant, Tryin Z. Truong, via Certified Mail.

New Orleans, Louisiana, this 11th day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

4