UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "A" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Wendy Williams Dupont's second Motion for Leave to File Amended Complaint. ECF No. 39. As of this date, Defendant Tyrin Z. Truong has failed to file an Opposition Memorandum, and the deadline for filing same expired on Tuesday, March 24, 2026. *See* ECF No. 48 (resetting submission date to April 1, 2026); E.D. La. L.R. 7.5. Plaintiff filed an untimely request for oral argument (ECF No. 52), but oral argument is unnecessary.

Having considered the record, Plaintiff's arguments, and the applicable law, the Motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff Wendy Dupont filed this *pro se* civil rights suit against the Mayor of Bogalusa, Louisiana, Defendant Tyrin Truong, in his official capacity "or in any capacity in furtherance of justice" alleging First Amendment violations resulting from being blocked from accessing Defendant's Mayor Tyrin Z. Truong Facebook page. ECF No. 1. Plaintiff alleges that Defendant's page disseminates "official city business," and he has blocked her from accessing the page since June 2023 in retaliation for her public criticism of his conduct in office and because of her viewpoint. *Id.* ¶¶ 4-5. She appears to allege the page is a "public forum." *Id.* ¶ 7.

In his Answer, Defendant admits that he blocked Plaintiff from accessing his personal Facebook page and asserts his personal page is not used as a tool of governance. ECF No. 20. He

1

also asserts in a counterclaim that Plaintiff filed suit to harass him. *Id.*

Plaintiff previously filed a Motion for Leave to File Amended Complaint seeking to add her employer Bogalusa Rebirth as a co-plaintiff, which the Court denied because, as an entity, Bogalusa Rebirth must be represented by a licensed attorney. ECF No. 28, 31. As Plaintiff is appearing *pro se* and is not a licensed attorney, she cannot pursue a claim as the representative of Bogalusa Rebirth. ECF No. 31. Plaintiff later enrolled counsel and filed the Motion to Amend now before me, but since that time, her counsel has withdrawn. ECF Nos. 34, 36, 43, 45, 51. Thus, Plaintiff is again proceeding *pro se*.

## II.    PENDING MOTION

Plaintiff's current motion again seeks to add Bogalusa Rebirth as a plaintiff. ECF No. 39; No. 39-3 ¶ 4. It also seeks to add new factual allegations[1] and claims of negligence, negligent infliction of emotional distress, defamation, and viewpoint discrimination and retaliation in violation of the Louisiana Constitution against Defendant, in both his official and individual capacities. ECF No. 39-3 ¶¶ 59-67, 74-91.

## III.    APPLICABLE AND ANALYSIS

Although a court generally has the authority to grant a motion as unopposed, it is not required to do so.[2] The court properly considers the merits of even unopposed motions.[3]

### A. Standard for Granting Leave to Amend

When a party seeks leave to amend before expiration of the deadline for amendments, the

---

[1] Plaintiff repeats the content of her original complaint in ¶¶ 20, 39, 40, 53, and 55, but the other factual allegations (¶¶ 7-58) are new. *Compare* ECF No. 1 ¶¶ 4-6, *with* ECF No. 39-3 ¶¶ 7-58.
[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[3] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).

analysis is governed by Rule 15 rather than the more stringent standard of Rule 16.[4]  Judge Zainey issued a Scheduling Order setting this matter for trial on April 20, 2026, but he later granted Plaintiff's motion to continue the trial and related pretrial deadlines.  ECF Nos. 27, 38, 50.  Given the continuance and absence of a new Scheduling Order, Plaintiff's request for leave is governed by Rule 15(a)(2).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[5]  Although leave to amend is not automatic,[6] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[7]  The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[8]  Denial of leave to amend is reviewed for abuse of discretion,[9] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[10]

---

[4] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).

[5] Denial of leave to amend is reviewed for abuse of discretion.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[6] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).

[7] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux,* 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[8] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[9] *Carroll*, 470 F.3d at 1174 (citation omitted).

[10] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).

3

B.  **Request to Add Bogalusa Rebirth**

Because Plaintiff's counsel has withdrawn from this matter and no other counsel has enrolled as of this date, Plaintiff's request to add her employer Bogalusa Rebirth is denied for the same reasons as previously set forth. *See* ECF No. 31 at 3-2. Only counsel, not Plaintiff, may assert claims on behalf of Bogalusa Rebirth.

C.  **Request to Add Allegations to Original First Amendment Claims**

Construing her original allegations liberally,[11] Plaintiff previously asserted First Amendment viewpoint discrimination and retaliation claims. ECF No. 1 ¶¶ 4-5.[12] Plaintiff's request to add additional allegations that support her original claims comes about 14 months later. Although delay can be procedurally fatal,[13] delay must be prejudicial to justify denial of leave to amend.[14] No dispositive motions have been filed, and given the absence of a new scheduling order, discovery is ongoing. Thus, there is no *undue* delay and prejudice. Plaintiff will be allowed to add the allegations supporting her First Amendment viewpoint discrimination and retaliation claims.[15]

---

[11] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976))).

[12] *See Johnson v. Bowe*, 856 F. App'x 487, 492 (5th Cir. 2021) (stating standard for First Amendment retaliation claim brought by citizen against city officials, including her mayor (quoting *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002)); *Robinson v. Hunt Cnty.*, 921 F.3d 440, 447-48 (5th Cir. 2019). Whether Plaintiff's viewpoint discrimination is viable depends on whether she can establish Defendant's social media activity constitutes action "under color of state law" under 42 U.S.C. § 1983. *See Kallinen v. Newman*, No. 22-20383, 2023 WL 2645555, at *2-3 (5th Cir. Mar. 27, 2023) (affirming Rule 12(b)(6) dismissal of § 1983 First Amendment claim based on a judge deleting critical comments from his Facebook page that he used for campaign purposes and blocking the user because plaintiff's allegations were insufficient to demonstrate the judge "acted under color of state law"); *see also Lindke v. Freed,* 601 U.S. 187, 198 (2024) (establishing a two-step test).

[13] *See B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022) (affirming denial of leave to amend to add a new party when leave was not sought until thirteen months after filing suit and eight months after becoming aware of the new entity's existence).

[14] *Mayeaux*, 376 F.3d at 427.

[15] *See Joseph v. Cannon,* No. 95-248, 1996 WL 41849, at *1 (E.D. La. Feb. 1, 1996) (Vance, J.) (allowing amendment of complaint to add factual allegations (quoting *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1464 (5th Cir. 1995); and citing *English v. Gen. Elec. Co.,* 765 F. Supp. 293, 297 (E.D.N.C. 1991) ("no useful purpose" in denying motion to add factual allegations to complaint); *Taylor v. Reading Co.,* 23 F.R.D. 186, 188 (E.D. Pa. 1958) (plaintiff's motion to supply "greater fullness of detail" to complaint granted)))); *Ruby Slipper Cafe, LLC v. Belou*,

4

**D.  <u>Request to Add New Claims - Futility</u>**

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (*i.e.*, whether it states a plausible claim for relief).[16]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (*i.e.*, the factual allegations must "be enough to raise a right to relief above the speculative level").[17]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[18]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[19]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[20]

The court must make its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true.[21]  Although the court must accept all well-pleaded facts as true

---

No. 18-1548, 2018 WL 11179117, at *3 (E.D. La. July 3, 2018) (allowing amendment of complaint that adds factual allegations to support the claims that were present in the original complaint).

[16] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).

[17] *Twombly*, 550 U.S. at 555, 570.

[18] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).

[19] *Iqbal,* 556 U.S. at 678 (citation omitted).

[20] *Id.* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[21] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[22]

### 1. Article I, Section 7 of the Louisiana Constitution

Article I, Section 7 of the Louisiana Constitution provides that "[n]o law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom." Its "protection of free speech mirrors that of the First Amendment" of the U.S. Constitution.[23] Courts treat a First Amendment claim under § 1983 and a parallel state law claim under Article I, Section 7 as one rather than make unnecessary separate determinations.[24] The latter claim's viability can depend on the former claim's viability.[25]

Plaintiff bases her Article I, Section 7 viewpoint discrimination and retaliation claims on the same alleged conduct of Defendant on which she bases her First Amendment claims. *Compare*

---

[22] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[23] *Clarkston v. White*, 943 F.3d 988, 922 n.4 (5th Cir. 2019) (quoting *Heaney v. Roberts*, 846 F.3d 795, 801 n.2 (5th Cir. 2017)); *accord. Winn v. New Orleans City*, No. 12-1307, 2015 WL 10713690, at *5 (E.D. La. Jan. 14, 2015) (Milazzo, J.) ("The Louisiana Supreme Court has stated that Louisiana's protection of free speech was designed to serve the same purpose as the federal constitution." (citing *State v. Franzone,* 384 So. 2d 409, 411 (La. 1980)), *aff'd sub nom.*, *Winn v. City of New Orleans*, 620 F. App'x 270 (5th Cir. 2015).

[24] *Clarkston*, 943 F.3d at 922 n.4; *Heaney*, 845 F.3d at 801 n.2; *Winn*, 2015 WL 10713690, at *5 ("[C]ourts have held that the 'judicial determination of a claim brought pursuant to the parallel sections of the federal constitution is applicable to Article 1, sections 7 and 8 of the state constitution.'" (quoting *Delcarpio v. St. Tammany Par. Sch. Bd.,* 865 F. Supp. 350, 362 (E.D. La. 1994), *rev'd on other grounds*, *Campbell v. St. Tammany Par. Sch. Bd.,* 64 F.3d 184 (5th Cir. 1995))).

[25] *See, e.g.*, *McHugh v. St. Tammany Parish*, No. 24-1300, 2024 WL 3509561, at *12 (E.D. La. July 23, 2024) (Long, J.) (denying Rule 12(b)(6) motion as to the plaintiff's free speech claim under the Louisiana Constitution "for the same reasons" the court denies the motion as to the plaintiff's First Amendment claim under the U.S. Constitution (citing *Heaney*, 846 F.3d at 801 n.2)).

6

ECF No. 39-3 ¶ 75, *with id.* ¶¶ 45, 47, 52, 62-64, 70.  The claims then should be considered together.  And because this Court is not considering the futility of Plaintiff's original First Amendment claims, it is not appropriate to consider the futility of the parallel Article I, Section 7 claims on this procedural motion to amend.

### 2. Defamation

A cause of action for the tort of defamation arises out of Article 2315 of the Louisiana Civil Code.[26]  Defamation involves the invasion of a person's interest in her reputation and good name.[27] To state a claim for defamation, a plaintiff must allege four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[28]  The fault requirement is generally referred to in Louisiana jurisprudence as malice, actual or implied.[29]  Thus, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages" to prevail.[30]  If the plaintiff fails to prove even one element, her defamation claim fails as well.[31]

At the pleading stage, a plaintiff "must set forth in the [complaint] with reasonable specificity the defamatory statements allegedly published by the defendant."[32]  She need not "state verbatim the words on which [s]he bases [her] cause of action, but [the plaintiff] must allege a state of facts or condition of things which would show fault under article 2315."[33]  She "must name the individual offenders and allege separate acts of defamation as to each, including specific

---

[26] *Starr v. Boudreaux*, 978 So. 2d 384, 389 (La. App. 1 Cir. 2007).

[27] *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004).

[28] *Johnson v. Purpera*, 320 So. 3d 374, 386-87 (La. 2021) (citations omitted).

[29] *Id.* at 387 (citing *Costello*, 864 So. 2d at 139).

[30] *Id.* (quoting *Costello*, 864 So. 2d at 139 (quoting *Trentecosta v. Beck*, 703 So. 2d 552, 559 (La. 1997))).

[31] *Id.* (citing *Costello*, 864 So. 2d at 139).

[32] *Badeaux v. Sw. Comput. Bureau, Inc.*, 929 So. 2d 1211, 1218 (La. 2006) (citing *Fitzgerald v. Tucker,* 737 So. 2d 706, 713 (La. 1999)); *accord. Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 292 (5th Cir. 2001).

[33] *Id.* (citing *Acme Stores v. Better Bus. Bureau of Baton Rouge*, 74 So. 2d 43, 44 (La. 1954)).

defamatory statements."[34]  A statement "is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise exposes a person to contempt or ridicule."[35]  Federal courts in this state have adopted this pleading standard.[36]

The only allegation in support of Plaintiff's defamation claim is that, "[f]rom 2023 through present, Defendant Truong has made and disseminated false and malicious statements accusing Plaintiffs Wendy Dupont and Bogalusa Rebirth of misconduct, theft, and mismanagement of public resources, despite no evidence supporting such claims." ECF No. 39-3 ¶ 48.  This allegation lacks the requisite specificity required to state a viable defamation claim as it does not identify *separate* and *specific* defamatory statements allegedly made by Defendant.[37]  It is conclusory as to the alleged falsity.[38]  And it does not identify a third party to whom the alleged statements were made.  "At a minimum, [a plaintiff must] identify 'the alleged defamatory statements, the maker of the statements, the date the statements were made or published, and the third parties to whom the statements were made or published.'"[39]  Plaintiff has not done so and thus fails to state a viable defamation claim against Defendant.

---

[34] *Id.* (citing *Juneau v. Avoyelles Par. Police Jury,* 482 So. 2d 1022, 1027 (La. App. 3d Cir. 1986)).

[35] *Fitzgerald*, 737 So. 2d at 716 (citing *Trentecosta,* 703 So. 2d at 559).

[36] *Obienu v. Algiers Charter Sch. Ass'n, Inc.*, No. 25-417, 2026 WL 25094, at *5 (E.D. La. Jan. 5, 2026) (Vitter, C.J.) (citing *Hills v. Tangipahoa Par. Sch. Sys.*, No. 19-5, 2020 WL 1250810 (E.D. La. Mar. 16, 2020); *English v. Wood Grp. PSN, Inc.*, No. 15-568, 2015 WL 5061164 (E.D. La. Aug. 25, 2015)).

[37] *See, e.g., English*, 2015 WL 5061164, at *17 (dismissing defamation claim and noting that "the allegation certainly does not consist of any particular set of defamatory words or specific instances of Defendant's publication of defamatory words").

[38] *See Maurer v. Town of Independence*, 45 F. Supp. 3d 535, 552 (E.D. La. 2014) (Vance, J.) ("Plaintiff's overly general, conclusory allegations that Crocker made 'negative' comments about him are insufficient." (citing *Roebuck v. Dothan Sec., Inc.,* 515 F. App'x 275, 280 (5th Cir. 2013) (dismissing conclusory allegation that defendants "in bad faith maligned, negligently misrepresented, defamed, defrauded and slandered plaintiff extremely and outrageously" because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 (quoting *Iqbal,* 556 U.S. at 678))).

[39] *Jacob v. Kopfler*, No. 04-1323, 2005 WL 8174246, at *9 (E.D. La. June 14, 2005) (Lemelle, J.) (citation modified) (quoting *Scott v. Houma-Terrebonne Hous. Auth.*, No. 02-770, 2002 WL 31007412, at *4 (E.D. La. Sept. 6, 2002) (Engelhardt, J.)).

### 3.   Negligent Infliction of Emotional Distress[40]

Louisiana generally does not allow for recovery of damages for negligent infliction of emotional distress ("NIED") unaccompanied by physical injury, illness or other physical consequences,[41] except under "special circumstances" recognized by Louisiana courts over time.[42] This type of a claim is "unique," as "no one fact, or lack thereof, necessarily entitles a plaintiff to a recovery, nor does it preclude recovery."[43]   Indeed, a plaintiff need not plead a NIED claim factually similar to those previously recognized for it to be viable.[44]

In *Spencer v. Valero Refining Meraux, L.L.C.*, 356 So. 3d 936 (La. 2023), the Louisiana Supreme Court outlined the general requirements for a viable NIED claim, which initially requires a plaintiff to establish that the defendant negligently caused emotional distress.[45]   To determine whether a plaintiff may recover under a negligence theory, Louisiana's duty-risk analysis requires

---

[40] In her proposed Amended Complaint, Plaintiff asserts negligence and negligent infliction of emotional distress under one cause of action.  ECF No. 39-3 at 11.  But she only specifically alleges emotional distress as the injury she sustained.  *See id.* ¶¶ 78, 83-84.  The Court thus construes her proposed Amended Complaint as asserting a negligent infliction of emotional distress claim only.  *See E.R. by & through B.R. v. St. Martin's Episcopal Sch.*, No. 21-2066, 2022 WL 558168, at *4-5 (E.D. La. Feb. 24, 2022) (Lemmon, J.) (treating "plaintiff's general negligence claim seek[ing] redress solely for emotional injuries" as a claim for negligent infliction of emotional distress); *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dopp*, No. 13-6769, 2014 WL 1652514, at *6-7 (E.D. La. Apr. 23, 2014) (Africk, J.) (treating a styled negligence claim as a negligent infliction of emotional distress claim, as it sought to only recover for emotional damages, and that it was not viable and noting "Defendants cannot avoid this result by restyling their claim as one for 'negligence' as opposed to 'negligent infliction of emotional distress'").

[41] *Lane v. Baywood Hotetls, Inc.* No. 25-103, 2025 WL 1026452, at *3 (E.D. La. Apr. 7, 2025) (Ashe, J.) (quoting *St. Martin's*, 2022 WL 558168, at *4 (quoting *Moresi v. State through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1095 (La. 1990))).

[42] *See Moresi*, 567 So. 2d at 1096 (noting cases involving special circumstances such as the negligent transmission of a message by telegraph, especially one announcing death; the mishandling of corpses; failure to install, maintain or repair consumer products; failure to take photographs or develop film; negligent damage to one's property while the plaintiffs were present and saw their property damaged; and for fright or nervous shock, where the plaintiff was actually in great fear for his personal safety (citing cases)); *Lane*, 2025 WL 1026452, at *5 (noting other cases involving special circumstances not described in *Moresi*, specifically bystanders, fear of contracting infectious disease due to hospital's failure to use the plaintiff's blood for transfusion as requested by the plaintiff, fear of developing cancer due to workplace exposure to radioactive material, and defendant's violation of a direct, special statutory duty to the plaintiff (citing cases)).

[43] *Jack v. Evonik Corp.*, 79 F.4th 547, 566 (5th Cir. 2023) (quoting *Spencer v. Valero Refining Meraux, L.L.C.*, 356 So. 3d 936, 949 (La. 2023) (second quote)).

[44] *See St. Martin's*, 2022 WL 558168, at *4; *Lane*, 2025 WL 1026452, at *5.

[45] *See* 356 So. 3d at 950 ("A claim for negligent infliction of emotional distress is a claim that, by definition, requires a plaintiff to prove negligence.").

plaintiff to prove: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element).[46]  If the plaintiff fails to prove any element, she fails to establish negligence.[47]

The plaintiff must also establish there exists an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious."[48]  This rule is "stringently applied" for inherently speculative cases,[49] and plaintiff's emotional distress must be "serious."[50]  Emotional distress is considered serious "if a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case."[51]  "A non-exhaustive list of serious emotional distress includes neuroses, psychoses, chronic depression, phobia, and shock."[52] Generalized fear or inconvenience is insufficient.[53]  Ultimately, the plaintiff bears the burden of presenting sufficient evidence of the nature and extent of the distress suffered, and whether it is "serious" is a matter of proof.[54]

---

[46] *Id.* at 949 (citing *Doe v. McKesson*, 339 So. 3d 524, 531 (La. 2022); *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 322 (La. 1994)).

[47] *Id.* (citing *Mathieu*, 646 So. 2d at 322).

[48] *Id.* at 950 (quoting *Moresi*, 567 So. 2d at 1096); *Jack*, 79 F.4th at 565-66 (quoting *Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1235 (La. 2003) (quoting *Moresi*, 567 So. 2d at 1096)).

[49] *Spencer*, 356 So. 3d at 950 (quoting *Bonnette*, 837 So. 2d at 1235).

[50] *Id.* (quoting *Moresi*, 567 So. 2d at 1096).

[51] *Danks v. Grayson*, 629 F. Supp. 3d 922, 945 (E.D. La. 2022) (Barbier, J.) (quoting *Held v. Aubert*, 845 So. 2d 625, 633–34 (La. App. 1 Cir. 2003)); *Directv, Inc. v. Atwood*, No. 03-1457, 2003 WL 22765354, at *3 (E.D. La. Nov. 19, 2003) (Engelhardt, J.) (quoting same).

[52] *Danks*, 629 F. Supp. 3d at 945 (quoting *Held*, 845 So. 2d at 633–34); *Directv, Inc.*, 2003 WL 22765354, at *3 (quoting same).

[53] *Spencer*, 356 So. 3d at 950.

[54] *Id.*

Plaintiff bases her NIED claim on the same basis for her viewpoint discrimination claims (i.e., blocking Plaintiff's access to Mayor Tyrin Z. Truong's Facebook page). *Compare* ECF No. 39-3 ¶¶ 79, 81, *with id.* ¶¶ 45, 62-64. She alleges he owes her "the duty of maintaining access to public forums." *See* ECF No. 39-3 ¶¶ 78-79.[55] This allegation assumes that the Facebook page is an official account, which is not clear as the account may be considered private.[56] But even if the account were official, Plaintiff must still allege that Defendant had a duty to conform his conduct to a "specific standard."[57] She must supply a law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed her a duty.[58] Plaintiff has not done so, and the Court has found no such law either.[59] As drafted, the proposed amended complaint fails to plausibly allege Defendant owed Plaintiff a duty as necessary to state a negligent infliction of emotional distress claim, and moreover, Plaintiff alleges no facts that plausibly demonstrates "severe emotional distress." ECF No. 39-3 ¶¶ 83-84.[60]

## IV.   OPPORTUNITY TO AMEND

In deciding whether claims in an amended complaint are futile, the Court may not deny the motion for leave to amend "unless it appears beyond doubt that the plaintiff can prove no set of

---

[55] Because Bogalusa Rebirth is not a plaintiff in this matter and cannot be joined in the absence of counsel, its allegations are not considered. *See* ECF No. 39-3 ¶¶ 50-53, 79-81.

[56] *See generally Lindke*, 601 U.S. at 198-204.

[57] *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 726 (5th Cir. 2017).

[58] *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 445 (5th Cir. 2021) (quoting *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006); and citing *Boykin v. La. Transit Co.*, 707 So. 2d 1225, 1230 (La. 1998) (emphasizing that in a "proper duty-risk analysis" the court should first identify "the duty imposed upon the defendant by statute or rule of law")).

[59] *See id.* (stating same); *see also Ellis v. Evonik Corp.*, 604 F Supp. 3d 356, 372 (E.D. La. 2022) (Vance, J.) (finding negligence claim premised on an alleged duty of "ordinary care" to "avoid an unreasonable risk of harm to persons located in the surrounding areas" and to "reduce emissions to a level that do[es] not pose an unreasonable risk of harm" failed because plaintiffs "cited no cognizable source or articulation of the duty alleged").

[60] *See Danks*, 626 F. Supp. 3d at 945 ("Plaintiff has not alleged any facts that show her emotional distress is genuine and serious such as neuroses, psychoses, chronic depression, phobia, or shock. Instead, she has simply pled that she suffered serious emotional trauma and continues to experience mental anguish over the humiliation of lying on the ground with her pants down and her body exposed.").

11

facts in support of his claim which would entitle him to relief."[61]   The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims and does not address whether the plaintiff will ultimately prevail on the merits.[62]

At this point, Plaintiff's defamation and NEID claims are not viable for the reasons stated in Section III(D)(2)-(3), so the Court denies her request to add these claims.  This denial is without prejudice, however, as it is not clear that Plaintiff can prove no set of facts in support of these claims that would entitle her to relief.[63]

## IV.    CONCLUSION

Although Plaintiff is granted leave to amend to set forth the additional facts in support of her First Amendment viewpoint discrimination and retaliation claims, as well as to add her parallel Article I, Section 7 claims, her proposed amended complaint in its current form is improper for several reasons.  First, she cannot represent Bogalusa Rebirth; thus, it may not be joined as a plaintiff at this time.  In addition, the complaint sets forth insufficient factual allegations to state claims for negligent infliction of emotional distress and defamation.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Wendy Dupont's second Motion for Leave to File her proposed amended complaint (ECF No. 39) is GRANTED IN PART AND DENIED IN PART. Plaintiff is granted leave to amend her complaint, setting forth the additional facts asserted to support her personal First Amendment viewpoint discrimination and retaliation claims (¶¶ 59-73)

---

[61] *Stripling*, 234 F.3d at 873 (internal quotations and citations omitted).

[62] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

[63] Allowing an opportunity to amend gives a plaintiff the chance to "plead [her] best case" before asking the court to rule on the motion to dismiss.  *See Louisiana v. Bank of Am. Corp.,* No. 19-638, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

as well as her personal parallel Article I, Section 7 claims as set forth in ¶¶ 74-76 of her proposed amended complaint.  Plaintiff is denied leave to assert claims for negligent infliction of emotional distress and defamation as set forth in ¶¶ 77-91 in her proposed amended complaint.

New Orleans, Louisiana, this ___17th___ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE