UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "N" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Wendy Dupont's Motion for Leave to Issue Third-Party Subpoena to Meta Platforms, Inc.  ECF No. 59.  Defendant Tyrin Truong failed to file an Opposition Memorandum, as required by Local Rule 7.5.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions, and the applicable law, the Motion for Leave to Issue Third-Party Subpoena is DENIED as unnecessary and procedurally improper.

## I.    BACKGROUND

Plaintiff Wendy Williams filed suit alleging that Defendant Tyrin Truong is violating her First Amendment rights by improperly blocking or restricting her access to his social media accounts and retaliating against her.  ECF No. 1 ¶¶ 4-5.  Plaintiff has filed a motion for leave to issue third-party subpoenas to Meta Platforms, Inc.  ECF No. 59.

## II.    APPLICABLE LAW AND ANALYSIS

Generally, after engaging in the Rule 26(f) conference or issuance of a Scheduling Order, the parties are free to conduct discovery.  A Scheduling Order has been issued in this case, and discovery is ongoing.  *See* ECF No. 27.

Leave of court to engage in discovery authorized by the Federal Rules is only required in limited situations.  For example, leave of court is required when a party seeks to conduct discovery

1

before the Rule 26(f) conference, seeks expedited discovery or discovery in excess of the limitations set forth in the Federal Rules, seeks to depose a person confined in prison, or seeks discovery in a habeas proceeding.[1]

Rule 45 governs issuance of subpoenas.  Rule 45(a)(3) explicitly provides:  "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."  This plain language already authorizes Plaintiff to obtain a subpoena.  For that reason, her request for leave is unnecessary and procedurally improper. Plaintiff is directed to consult Rule 45.

### III.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to Issue Third-Party Subpoena is DENIED as unnecessary and procedurally improper.

New Orleans, Louisiana, this ___29th___ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* FED. R. CIV. P. 26(d)(1), 30(a)(2); Rule 6 Governing Section 2254 cases.