UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "N" (2) |

**REPORT AND RECOMMENDATION,**
**CERTIFICATION OF FACTS AND ORDER AND REASONS**

Pending before me is Plaintiff Wendy Williams Dupont's Motion for Sanctions for Failure to Comply with Court Order.  ECF No. 60.  Defendant Bogalusa Mayor Tyrin Truong failed to file an Opposition Memorandum, as required by Local Rule 7.5.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of Plaintiff, and the applicable law, and for the reasons stated herein, the Court **GRANTS** the Motion for Sanctions and **ORDERS** Defendant to deliver written responses to Plaintiff's Interrogatories and Requests for Production issued January 19, 2026.  The Court **RECOMMENDS** that Defendant Tyrin Truong be held in civil contempt of court and, following a show cause hearing and a finding that the sanction is warranted, he be sanctioned as follows:

(a) Should Defendant Tyrin Truong fail to comply with this Court's Order within the allotted 14 days, that he be ordered to pay $100 per day into the registry of the Court until compliance;

(b) If Defendant Tyrin Truong's total fine reaches $5,000 and he has still not complied with the Court's Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions against Defendant Tyrin Truong; and

(c) Defendant Tyrin Truong be advised that he may, at any time, purge contempt by complying with the Court's March 11, 2026, Order by delivering to Plaintiff full and complete responses to the Interrogatories and Requests for Production, as required by the Court's March 11, 2026, Order.

1

## I.     BACKGROUND

Plaintiff Wendy Williams filed suit alleging that Defendant Tyrin Truong is violating her First Amendment rights by improperly blocking or restricting her access to his social media accounts and retaliating against her. ECF No. 65. Plaintiff served a Notice of Deposition, Interrogatories and Requests for Production on Defendant on January 19, 2026, and issued a second Notice of Deposition on February 9, 2026, scheduling the deposition for Friday, February 20, 2026. ECF Nos. 47-2, 47-3. Defendant did not respond to the Interrogatories nor Requests for Production but, on February 19, 2026, advised that he was not available and had not agreed to the deposition date. ECF No. 47-1 at 2-3.

Plaintiff filed a Motion to Compel Discovery Responses, Deposition Appearance and for Sanctions. ECF No. 47. On March 11, 2026, the undersigned granted the motion to compel but denied the motion for sanctions. ECF No. 53. The Court ordered Defendant to provide written responses to the Interrogatories and Requests for Production within 21 days and to provide an available date for deposition within 7 days. To ensure Defendant received notice of the Order and related deadlines, it was sent via certified mail to him. *Id.* at 4; *see also* ECF Nos. 53-1, 54.

Plaintiff has now filed this Motion for Sanctions for Failure to Comply with Court Order asserting that Defendant has failed to deliver written responses to the Interrogatories and Requests for Production, as ordered. ECF No. 60. Plaintiff contends Defendant's failure to respond has unnecessarily delayed resolution of this case and increased the burden and expense to her, justifying monetary sanctions. *Id.* at 2. Although Plaintiff seeks cost and expenses incurred in connection with this motion, Plaintiff is proceeding *pro se* and filed this motion herself. *Id.* Thus, she has not incurred any attorneys' fees or identified any costs related to this filing. Plaintiff asks that all matters reflected in the discovery be deemed admitted, Defendant be precluded from

introducing any evidence not produced in response to the Requests for Production, any defenses be stricken, Defendant be ordered to immediately comply with the Order, and she be awarded monetary sanctions. *Id.*

## II.    APPLICABLE LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]

### A.  Failure to Obey a Discovery Order

Rule 37 expressly authorizes sanction against a party for violation of a discovery order.[2] The Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[3] "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct.[4]  "[I]mposition of a sanction without a prior warning is to be avoided."[5]

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Sandoval v. Carrco Painting Contractors*, No. 16-159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 289, 290 (5th Cir. 2002)).
[3] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[4] *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 498 (N.D. Tex. Apr. 18, 2016) (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877–78 (5th Cir. 1988).
[5] *Francois v. Blandford*, No. 10-1330, 2012 WL 38291, at *2 (E.D. La. Jan. 6, 2012).

3

In addition, federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which include the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court.[6] "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[7] Certain procedural requirements must be satisfied before imposing contempt sanctions, which vary depending on whether the sanction is civil or criminal contempt.[8]

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[9] Whether a sanction is civil or criminal is determined by looking to the character of the relief.[10] Generally, criminal contempt is designed to vindicate the authority of the court.[11] It is punitive and typically punishes a contemnor for past disobedience.[12] Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those constitutional protections afforded to criminal proceedings.[13] In contrast, civil contempt can either be compensatory or coercive.[14] To be compensatory, it must remedy losses sustained.[15] Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court

---

[6] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).

[7] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (citations omitted).

[8] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted); *Ravago Americas. L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020) (noting that whether a sanction is civil or criminal is determined by looking to the character of the relief).

[9] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (quoting *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009)).

[10] *Ravago*, 832 F. App'x at 254.

[11] *Id*. (citing *In re Bradley*, 588 F.3d at 263).

[12] *Id.* (citing same).

[13] *See id.* at 254, 256.

[14] *Id.* at 254 (citing *In re Bradley*, 588 F.3d at 263).

[15] *Id.* (citing same); *see also Quilling v. Funding Res. Grp.*, 227 F.3d 231, 234 (5th Cir. 2000) (per curiam).

order.[16]  Coercive civil contempt is avoidable through obedience.[17]  Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[18]

A civil contempt order is proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[19]  The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[20]  Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[21]  Indeed, even an unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[22]

### B.  Analysis

Defendant has failed to comply with my March 11, 2026, Order to provide written responses to Plaintiff's Interrogatories and Requests for Production within 21 days.  The March 11, 2026, Order warned Defendant that his failure to comply would result in sanctions, and that

---

[16] *Ravago*, 832 F. App'x at 254 (citing *In re Bradley*, 588 F.3d at 263).

[17] *See id.*; *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp.*, 283 F.3d at 290–91 (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").

[18] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

[19] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (quoting *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

[20] *Travelhost, Inc.*, 68 F.3d at 961 (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (citation omitted); *accord. Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence).

[21] *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) (citation omitted).

[22] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (Clement, J.) (citations omitted).

Order was delivered to him via certified mail. These facts are sufficient to support imposition of sanctions in this case.

Pursuant to Rule 37, Defendant is hereby ordered to produce, within 14 days, written responses to Plaintiff's Interrogatories and Requests for Production issued on January 19, 2026.

### III.   <u>SECTION 636(e)(6)(B)(iii) CERTIFICATION</u>

When an act outside of the presence of the magistrate judge constitutes civil contempt, the magistrate judge must certify the facts to the district judge and may issue a show cause order why the district judge should not adjudge that party in contempt. 28 U.S.C. § 636(e)(6).

In this case, the record reflects that this Court issued an Order on a Motion to Compel on March 11, 2026, Order that required Defendant deliver written responses to the Interrogatories and Requests for Production to Plaintiff within 21 days. ECF No. 53. This Order is clear, definite, and unambiguous, and Defendant has failed to establish otherwise. He is in a position to comply with the Order, but failed to do so. Because there is clear and convincing evidence that the underlying order was violated, the burden shifts to Defendant to demonstrate a present inability to comply.[23] Defendant has failed to respond to this motion whatsoever, and thus, has failed to establish a present inability to comply.

The Fifth Circuit requires that the district court use "the least onerous sanction which will address the offensive conduct."[24] In fashioning sanctions for civil contempt, district courts should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[25]

---

[23] *Petroleos Mexicanos v. Crawford Enters. Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).
[24] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997)).
[25] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) (citations omitted).

Sanctions for civil contempt may include a "coercive daily fine, a compensatory fine, coercive incarceration, or a combination thereof."[26]  The undersigned has carefully considered imposition of the requested sanctions under Rule 37(b)(2)(A).  Because Defendant is currently in contempt of my Order and that conduct has unnecessarily delayed this proceeding, a fine of $100.00 per day should be imposed.[27]  This amount is reasonable considering all relevant factors.[28]  Although the daily fine recommended may impose a financial hardship, it is a sanction that can be quickly and inexpensively purged if Defendant fulfills his discovery obligations.

If Defendant's failure to comply with the Court's Order continues despite the imposition of the fine and the fine reaches $5,000, the District Judge should consider whether to impose further, more severe sanctions.  Again, Defendant may at any time purge his contempt by complying with this Court's Order.  Accordingly, in accordance with 28 U.S.C. § 636(e), the undersigned respectfully certifies the above facts and recommends that the District Judge impose a daily fine of $100 against Defendant to coerce compliance with this Court's discovery order.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff Wendy Williams Dupont's Motion for Sanctions is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Tyrin Truong deliver written responses to Plaintiff's January 19, 2026, Interrogatories and Requests for Production within 14 days of this Order.

---

[26] *United States v. Scott*, No. 03-1410, 2004 WL 1068118, at *3 (N.D. Tex. Apr. 5, 2004) (citing *Bagwell*, 512 U.S. at 827–29; *Shillitani v. United States* 384 U.S. 364, 370-71 (1966); *Dinnan v. Bd. of Regents of the Univ. Sys. of Ga.*, 625 F.2d 1146, 1150 (5th Cir. 1980)).

[27] *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (finding $500 per day fine not an abuse of discretion).

[28] *Id.* (citing *United States v. United Mine Workers*, 330 U.S. 258 (1947).

**IT IS RECOMMENDED** that, should Defendant fail to comply with this Order within the allotted 14 days, the Court serve an order requiring him appear to show cause as to why he should not be held in contempt for failing to comply with the undersigned's March 11, 2026, Order in accordance with § 636(e)(6) and Defendant's due process rights.[29]

**IT IS FURTHER RECOMMENDED** that, should the Court find the sanction of civil contempt of court is warranted, Defendant be ordered to pay $100 per day into the registry of the Court until compliance, and if his total fine reaches $5,000 and he has still not complied with the undersigned's Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions against Defendant, including but not limited to entry of a judgment of default.

**IT IS FURTHER RECOMMENDED** that Defendant be advised that he may, at any time, purge contempt by complying with the undersigned's Order by delivering written responses to the Interrogatories and Requests for Production issued on January 19, 2026.

**IT IS FURTHER ORDERED** that a copy of this Report and Recommendation, Certification of Facts and Order and Reasons shall be sent to Defendant, Tyrin Z. Truong, via certified mail.

New Orleans, Louisiana, this ___7th___ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. ANNA ST. JOHN**

---

[29] *See Waste Mgmt. of Washington, Inc., v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015).