UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "N" (2) |

## ORDER AND REASONS

Pending before me is Defendant Tyrin Z. Truong's Motion to Quash Subpoena Duces Tecum. ECF No. 72. Plaintiff Wendy Dupont filed an Opposition Memorandum. ECF No. 76. Although neither party requested oral argument in accordance with Local Rule 78.1, the parties have failed to provide the necessary information to enable the Court to resolve this matter.

Accordingly, having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Quash is CONTINUED and SCHEDULED FOR IN-PERSON HEARING on July 1, 2026, for the reasons stated herein.

## I.   BACKGROUND

Plaintiff Wendy Dupont filed suit against Defendant Tyrin Truong, Mayor of Bogalusa, Louisiana, in his official and personal capacities alleging First Amendment violations resulting from his restricting access and/or blocking her from accessing his Facebook page. ECF Nos. 1, 65. Plaintiff alleges that Defendant's page disseminates information related to "city operations, public services, and community updates," and he has blocked her from accessing the page since June 2023 in retaliation for her public criticism of his conduct in office and because of her viewpoint. ECF No. 65 ¶¶ 22, 27-28, 87-96. Defendant's original Answer admits that he blocked Plaintiff from accessing his personal Facebook page, which he asserts is not used as a tool of governance, and contends Plaintiff filed this suit to harass him. ECF No. 20.

1

On May 18, 2026, Plaintiff served a Rule 45 Subpoena Duces Tecum to Meta Platforms, Inc., seeking production of "[r]ecords sufficient to identify the creator(s), administrator(s), moderator(s), operator(s), and controlling account(s) associated with the following Facebook pages and profiles, including registration information, associated email addresses and phone numbers, IP login records, access logs, and administrator history for the period January 7, 2023 through present" for (1) The Parish Spectator; (2) Bogalusa Resistance Council; (3) Colonial Creosote EPA Superfund: Your Information Source; (4) Myshia Jones; and (5) Chance Mitchell. ECF No. 72-1 at 4.  Defendant now moves to quash Plaintiff's subpoena to Meta.  ECF No. 72. Defendant contends Plaintiff seeks records of identifying information of numerous Facebook accounts, pages and profiles, including anonymous posters engaging in public commentary and political speech.  *Id.* ¶ 2.  Defendant contends the subpoena is a fishing expedition that is overbroad, unduly burdensome, invasive, not limited in time, and seeks constitutionally protected identifying information.  *Id.* ¶¶ 4-18.

In Opposition, Plaintiff argues that she has issued a subpoena for non-content identifying information regarding certain Facebook accounts and pages that she contends are directly relevant to claims and defenses in this case.  ECF No. 76 at 1, 4.  Plaintiff argues that Defendant lacks standing and is not the proper party to invoke any privacy or First Amendment protections of unidentified third parties.  *Id.* at 1-3.  Plaintiff disputes the assertion that the subpoena is a fishing expedition and instead argues that she has previously identified particular pages and accounts believed to possess information relevant to the claims and defenses in this case.  *Id.* at 3.  Plaintiff argues that obtaining the information from Defendant has proved fruitless given his failure to provide substantive responses to discovery.  *Id.* at 4.

## II.    APPLICABLE LAW

### A.  Standard for Discovery

Courts have broad discretion in discovery matters.[1]  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  In assessing proportionality, the court should consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  FED. R. CIV. P. 26(b)(1).

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[2]  While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[3]  Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[4] discovery does have "ultimate and necessary boundaries."[5]  Rule 26 instructs the court to limit the extent of discovery if the proposed discovery is outside the scope allowed under Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C)(iii).

### B.  Rule 45 Subpoena

Discovery is obtained from parties in accordance with Rules 26-37 of the Federal Rules of Civil Procedure and from non-parties pursuant to Rule 45.  Rule 45 provides additional protections

---

[1] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009) (quoting *Scott v. Monsanto, Co.*, 868 F.2d 786, 793 (5th Cir. 1989)).
[2] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[3] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also*; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan J. (quoting *Crosby*, 647 F.3d at 264).
[4] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).
[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). And, although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[6]

"Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[7] A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

### C. **Standing**

Newspapers or internet platforms have standing to assert the First Amendment rights of their users.[8] However, Defendant Truong, not Meta, is the movant on this motion to quash.

Absent a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party because the party is not in possession of the materials subpoenaed.[9] Further, a party "cannot challenge a

---

[6] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000).

[7] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

[8] *United States v. Jackson*, No. 13-131, 2014 WL 585412, at *1 (E.D. La. Feb. 14, 2014) (citing cases); *denying mandamus*, *In re Times Picayune, L.L.C*, 561 F. App'x 402, 403 (5th Cir. 2014) (denying newspaper's request for mandamus arguing that court ordered in camera inspection did not sufficiently protect identity of anonymous posters); *see also In re Grand Jury Subpoena*, 875 F.3d 1179, 1183 n.2 (9th Cir. 2017).

[9] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." (citation omitted)); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena." (citations omitted)).

Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[10]

Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed, a party does have standing to challenge relevance under Rule 26(c).[11]  But while a party has standing to challenge relevance under Rule 26(c),[12] the party may not use a motion for Rule 26(c)(1) protective order to enforce, on a non-party's behalf, Rule 45(c)'s geographical limits or compliance time requirements.  These non-party-specific protections go beyond and are separate from the scope of discovery issue that fall within the parameters of a Rule 26(c)(1) protective order.[13]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way.  FED. R. CIV. P. 26(c)(1)(D), (G).

### D.  First Amendment Protections

Pursuant to the First Amendment's Free Speech Clause, "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I.  Speech that touches on matters of public political life is considered the "core" or "essence" of the First Amendment, and thus courts must

---

[10] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

[11] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005))).

[12] *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023); *Bounds*, 314 F.R.D. at 218.

[13] *See Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 19-2025, 2022 WL 1624785, at *1-2 (N.D. Tex. May 23, 2022) (citations omitted).

subject restrictions on same to "exacting scrutiny" and uphold the restrictions only when narrowly tailored to serve an overriding state interest.[14]   Even non-core speech is entitled to First Amendment protection.[15]

Anonymous speech is also entitled to full First Amendment protection,[16] and that extends to speech on the internet.[17]   A court order, even when issued at the request of a private party in civil litigation, is subject to constitutional limitations.[18]   "If Internet users could be stripped of . . . anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights.[19]   Therefore, courts must carefully scrutinize discovery requests seeking to identify anonymous Internet users.[20]

The right to speak, whether anonymously or otherwise, however, is not unlimited.[21]   When addressing discovery requests that would unmask an anonymous speaker, courts must consider the First Amendment implications of disclosure to ensure that a person's right to anonymous speech is protected.[22]   In determining the proper standard to apply, the court must consider the nature of

---

[14] *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346-47 (1995).

[15] *See id.* at 346 (citing *Winters v. New York*, 333 U.S. 507, 510 (1948)).

[16] *McIntyre*, 514 U.S. at 342 ("[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.").

[17] *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("[O]nline speech stands on the same footing as other speech—there is 'no basis for qualifying the level of First Amendment scrutiny that should be applied' to online speech." (quoting *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997))).

[18] *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1091-92 (W.D. Wash. 2001) (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 265 (1964); *Shelley v. Kraemer*, 334 U.S. 1, 68 (1948)).

[19] *Doe*, 140 F. Supp. 2d at 1093.

[20] *Id.*

[21] *Anonymous Online Speakers*, 661 F.3d at 1173.

[22] *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022); *see Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015); *see also Anonymous Online Speakers*, 661 F.3d at 1172-77.

the speech at issue, with commercial speech afforded less protection than political, religious or literary speech.[23]

Courts assessing whether to enforce a subpoena seeking the identity of an anonymous Internet user who is not a party to the underlying litigation have employed a variety of standards to address the issue.[24]  One of the earliest cases applied a standard falling somewhere between a motion to dismiss and prima facie showing, articulating a four-factor test asking whether:

> (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.[25]

Later courts developed a two-part inquiry when faced with discovery seeking to unmask an anonymous speaker:  (1) the party seeking the disclosure must demonstrate a prima facie case on the merits of its underlying claim, and (2) the court must balance the need for the discovery against the First Amendment interests at stake.[26]

In addition, courts routinely condition the subpoena on notice to the customer and an opportunity to be heard.[27]  Indeed, the court in *Jones v. Meta Platforms, Inc.* recently explained that, when addressing a subpoena for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker and provide them with an opportunity to (anonymously) defend their anonymity; (2) require the party seeking disclosure to make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential

---

[23] *See Anonymous Online Speakers*, 661 F.3d at 1176-77; *SI03, Inc. v. Bodybuilding.com, LLC*, 441 F. App'x 431, 431-32 (9th Cir. 2011).

[24] *Anonymous Online Speakers*, 661 F.3d at 1175-76.

[25] *Doe*, 140 F. Supp. 2d at 1095; *see also In re Reddit, Inc.*, 671 F. Supp. 3d 1022, 1025 (N.D. Cal. 2023).

[26] *Jones v. Meta Platforms*, No. 25-80165, 2025 WL 2308494, *7 (N.D. Cal. Aug. 11, 2025) (citations omitted); *see also Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 970 (N.D. Cal. 2005) (adopting a "prima facie" standard which requires the party seeking enforcement of a subpoena to first make out "a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff")

[27] *See, e.g.*, *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652, 2006 WL 1343597, at *3 (N.D. Cal. Mar. 6, 2006).

harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim.[28]    And when the anonymous speaker is not a party to the underlying litigation, the standard should be higher.[29]

### III.    ANALYSIS

Setting aside the facial invalidity of the subpoena,[30] although Defendant may lack standing to assert First Amendment rights of non-parties, he is still a party to this case with the ability to invoke Rule 26's relevance standard.  As such, he has standing to pursue this motion to quash.

As to the merits, the parties have not adequately briefed the issues to enable the undersigned to resolve the pending motion.  Neither party advises whether Meta has responded with objections to the subpoena or whether Meta notified any of the five anonymous, non-party speakers of the request for their identifying information as necessary to enable each user to take whatever actions he or she deems necessary to protect his or her First Amendment rights.  Further, while Plaintiff conclusorily asserts that the requested information is directly relevant to the claims and defenses in this case, Plaintiff's only claims are her First Amendment and parallel Louisiana constitutional viewpoint discrimination and retaliation claims.  She fails to articulate how these users' identities or their posts have any relevance to her remaining claims.

---

[28] 2025 WL 2308494, *7.

[29] *Anonymous Online Speakers*, 661 F.3d at 1176 (citing *Doe*, 140 F.Supp.2d at 1095 (noting that identification is only appropriate where the compelling need for discovery outweighs the First Amendment right of the speakers because litigation may continue without disclosure of the speakers' identities)).

[30] Courts in this district routinely quash subpoenas duces tecum that demand documents produced to an email address, with no specified place of compliance.  *Pierce v. Town of Golden Meadow*, No. 25-2178, 2026 WL 157530, at *1 (E.D. La. Jan. 21, 2026) (denying motion to enforce facially invalid subpoena); *Morris Bart, LLC v. MMA Law Firm*, Misc. No. 25-2301, 2025 WL 3649523, *5 (E.D. La. Dec. 17, 2025) (holding that document subpoena listing only an email address for compliance was facially invalid); *Capana Swiss Advisors, AG v. Rymark Inc.*, No. 25-153, 2025 WL 549357, at *6 (E.D. La. Feb. 19, 2025) ("The place of compliance must be a physical 'place,' with geographical limits and capable of being measured according to mileage.") (citing *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 711 (N.D. Tex. 2017)).

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Quash Subpoenas is CONTINUED until Wednesday, July 1, 2026.

IT IS FURTHER ORDERED that an in-person hearing on Defendant's Motion to Quash will be held on Wednesday, July 1, 2026, at 10:00 a.m. before Magistrate Judge Donna Phillips Currault, 500 Poydras Street, Hale Boggs Building, Room B-421, New Orleans, Louisiana.

New Orleans, Louisiana, this ___23rd___ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE