UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY WILLIAMS DUPONT | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2775 |
| TYRIN Z. TRUONG | * | SECTION "N" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff's Motion to Determine Adequacy of Defendant's Discovery Responses and For Sanctions and Renewed Contempt Under Rule 37. ECF No. 92. Defendant filed an Opposition Memorandum and Plaintiff filed a Reply Memorandum. ECF Nos. 98 & 99. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff Wendy Williams Dupont filed suit against Defendant Tyrin Truong, Mayor of Bogalusa, in his official and personal capacities alleging First Amendment violations resulting from his restricting access and/or blocking her from accessing his Facebook page. ECF Nos. 1 & 65. Plaintiff asserts that Defendant retaliated against her speech concerning government transparency and use of public resources at a June 6, 2023 city council meeting. ECF No. 65 ¶¶ 19, 91–96. Defendant admits that he blocked Plaintiff from accessing his personal Facebook page, which he asserts is not used as a tool of governance, and contends Plaintiff filed suit to harass him. ECF No. 20 ¶¶ 4–5 & Counterclaim.

When Defendant failed to respond to the Interrogatories or Requests for Production served by Plaintiff on January 19, 2026, Plaintiff filed a motion to compel. ECF Nos. 47, 47-2, at 7–10. This Court granted the motion to compel as unopposed and ordered Defendant to provide written responses within 21 days. ECF No. 53, at 4. Defendant failed to provide written responses as ordered, and Plaintiff moved for sanctions. ECF No. 60. This Court granted Plaintiff's Motion for Sanctions, ordered Defendant to respond within 14 days, and recommended that he be held in contempt of court should he fail to provide written responses, as ordered. ECF No. 67, at 7–8.

Defendant failed to respond, and the Honorable Anna St. John adopted the recommendation and ordered Defendant to respond within 14 days or show cause why he should not be held in contempt. ECF No. 69. In light of Defendant's Motion to Reconsider attaching his written responses, Judge St. John purged the contempt finding and indicated that Plaintiff could challenge the sufficiency of the responses by motion. ECF No. 88. Plaintiff then filed this motion asserting that Defendant's responses are inadequate and he failed to produce any documents. ECF No. 92 at 3–6. Plaintiff asks that the Court impose a variety of sanctions. *Id*. at 7–9.

In Opposition, Defendant asserts that he complied with Judge St. John's Order and delivered written responses which, contrary to Plaintiff's assertion, do not simply reflect a refusal to participate. ECF No. 98, at 2. Rather, Defendant contends that, while he asserted objections, he also provided substantive responses, which he further supplemented in light of objections in Plaintiff's pending motion. *Id*. at 2-3; ECF No. 98-1. Defendant argues that sanctions, including contempt, are not proper, Plaintiff's discovery relates to issues outside of Rule 26's scope of discovery, and he should have the opportunity to cure any deficiency. ECF No. 98, at 3–6.

In her reply, Plaintiff argues that the issue is no longer whether Defendant's responses are complete, but rather his course of conduct in this litigation, and that the supplemental discovery

responses are insufficient because he does not explain what efforts he undertook to locate responsive documents before declaring same could not be located or do not exist and has failed to respond regarding potential insurance coverage. *Id.* at 1–2, 5–6. Plaintiff argues that Defendant is not entitled to another opportunity to cure the deficient responses and reiterates her request for sanctions. *Id*. at 6–8.

## II. APPLICABLE LAW AND ANALYSIS

### A. The Standard for Discovery

Courts have broad discretion in discovery matters.[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In assessing proportionality, the court should consider the importance of the issues at stake, "the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[2]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[3] As the comments to Rule 26 make clear, "requiring relevance to a claim or defense signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."[4] "The role of discovery,

[1] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009).
[2] FED. R. CIV. P. 26(b)(1).
[3] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006).
[4] *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) (citation modified); *see* FED. R. CIV. P. 26 advisory committee's GAP report to 2000 amendments.

however, is to find support for properly pleaded claims, not to find the claims themselves.[5] Thus, discovery must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses.[6]

While the scope of discovery is broad, Rule 26(b) is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[7] And although relevancy in the discovery context is broader than in the admissibility at trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[8] Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[9] discovery does have "ultimate and necessary boundaries."[10] Rule 26 instructs the court to limit the extent of discovery if (i) the proposed discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information;" or "(iii) the proposed discovery is outside the scope" of Rule 26(b)(1).[11]

### B. <u>Duties in Responding to Written Discovery</u>

Rules 33 and 34 require a party to fully answer each request "to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request

---

[5] *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009); *see also Waste Mgmt. of La.*, 2017 WL 2271982, at *4 ("Federal Rule of Civil Procedure 26(b)(1) makes clear that any discovery must be relevant to a party's claim or defense.").
[6] *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, No. 20-2814, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021); *see also MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (holding third party discovery must relate to pending claim or defense).
[7] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation modified).
[8] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017); *see also Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020).
[9] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).
[10] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[11] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).

is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld."[12]

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[13] "The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper."[14] "Where an interrogatory answer as a whole discloses a conscientious endeavor to understand the question and to answer fully that question, a party's obligation under Rule 33 is satisfied."[15]

Likewise, a party served with requests for production must either state that it will produce the documents within its actual or constructive possession, custody or control, or state with specificity the grounds for objection, including the reasons.[16] The production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."[17] The Court cannot, however, compel a party to produce documents that do not exist.[18] Courts may require a certification or confirmation that the requested documents do not exist.[19]

---

[12] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation modified).
[13] *Id.* at 579.
[14] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).
[15] *Id.* (citation modified).
[16] FED. R. CIV. P. (b)(2)(B).
[17] *Id.*
[18] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).
[19] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais*, No. 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

A party withholding information by claiming privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[20] The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[21] Proper substantiation of a privilege objection imposes an evidentiary burden, and the party asserting the objection must prove that each document it has withheld is privileged, and it cannot rely merely on a blanket assertion of privilege.[22] The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[23]

### C. Boilerplate Objections

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[24] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[25] General objections refer to

[20] FED. R. CIV. P. 26(b)(5) (emphasis added).
[21] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (citation modified) ("When a party relies on a privilege log to assert these privileges, the log must as to each document set forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.").
[22] *Jordan v. Aries Marine Corp.*, No. 14-377, 2015 WL 151336, at *3 (E.D. La. Jan. 12, 2015); *Woodard v. Andrus*, No. 03–2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008); *In re Shell Oil Refinery*, 812 F.Supp. 658, 661 (E.D.La.1993).
[23] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).
[24] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond."); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (citation omitted) (explaining that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection").
[25] *See, e.g.*, *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boilerplate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"); *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at

objections that a party responding to discovery asserts are applicable to multiple individual requests set forth in a given set of discovery requests.[26] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[27] The objection must state how it "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[28] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[29] Objections interposed without indicating whether any document is being withheld are improper.[30]

## III. <u>THE DISCOVERY AT ISSUE</u>

Defendant's discovery responses included "General Objections" before responding to the particular requests. General objections are improper and thus overruled. To the extent Defendant relies on any of the asserted general objections, Defendant must supplement his responses to properly invoke any such objection as applicable to any particular discovery request.

The discovery requests and responses, as supplemented (set forth in ECF Nos. 47-2, at 7–10, 92-3, at 6–11, and 98-1) as relevant herein read as follows:

> **Interrogatory No. 1:**
> Identify every social media account, page, profile, or platform that you operate, control, administer, moderate, direct, or influence, whether directly or through agents, that has been used to disseminate City of Bogalusa information or Public Service Announcements.

---

*5 (E.D. Cal. Sept. 10, 2020) ("Objections are typically deemed 'boilerplate' when they are identical and not tailored to the specific discovery request.").

[26] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[27] *See DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation modified) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds.").

[28] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation modified).

[29] *Chevron*, 2015 WL 269051 at *3.

[30] *Id.* at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

**Response:**
Defendant objects to this interrogatory as overly broad, vague, and seeking information protected by the First Amendment insofar as it seeks accounts Defendant may "influence." Subject thereto, Defendant states that he maintains personal and public-facing social media accounts, including campaign pages used to communicate with potential voters regarding City matters and community events. These pages are separate from the official City of Bogalusa Facebook page that Ms. DuPont currently follows.

**Supplemental Response:**
Defendant identifies the following Facebook accounts/pages responsive to this interrogatory during the relevant period:

1. City of Bogalusa Facebook Page - an official governmental page
2. Official Campaign Page of Tyrin Z. Truong - a political/campaign page.

With respect to the City of Bogalusa Facebook page, Defendant's administrative access started on or around March 2025 until present.
Other persons Defendant presently recalls having administrative or posting access include Kevin Magee, a former employee of the previous Mayor. People with former access include former Mayor Wendy Perrette, former Administrative Assistant Karen Varnado, and former Public Information Officer Malarie Hamilton.

Defendant does not presently recall any additional responsive accounts after reasonable inquiry.

**<u>Ruling:</u>** Defendant's objection based on the First Amendment, vagueness, and overbreadth is overruled. Defendant's objection to the ambiguity of the word "influenced" is sustained. If Defendant does not operate, control, administer, moderate, or direct any other social media account used to disseminate City of Bogalusa information or Public Service Announcements ("PSAs") other than the two accounts identified in his supplemental response, no further response is necessary. To the extent Defendant's supplemental response does not provide complete information regarding accounts that he operates, controls, administers, moderates, or directs that disseminates City of Bogalusa information or PSAs, Defendant must supplement.

**Interrogatory No. 2:**
State the policies, criteria, rules, or standards used to block, restrict, mute, ban, or otherwise limit any person's access to your social media accounts.

**Response:**
Defendant objects as vague and overbroad. Subject thereto, Defendant states that moderation decisions on social media pages are made on a discretionary basis and may include removal or restriction of spam, threats, harassment, profanity, repetitive disruptive conduct, or conduct impairing the intended use of the platform. Clearly stated on my campaign page is a statement that reads, "Official campaign page of Tyrin Z. Truong. For official city news, follow City of Bogalusa. Views expressed are my own."

**Supplemental Response:**
Defendant states that social-media moderation decisions were generally based upon considerations including spam, repetitive or disruptive comments, threats, harassment, profanity, and content believed to interfere with the intended operation of the page.

To Defendant's present recollection, the City of Bogalusa does not have a policy. No resident or citizen is blocked from the City's official page.

There is no written policy for Defendant's campaign page. Users are usually blocked for harassment, profanity, spam or violating general rules of decorum (name calling, etc.)

Defendant does not presently recall additional responsive moderation decisions concerning Plaintiff after reasonable inquiry.

**Ruling:** Defendant's objection of vagueness and overbreadth is overruled. Defendant, however, has responded to the interrogatory. No supplementation is required.

**Interrogatory No. 3:**
Identify every person who was blocked, restricted, muted, or banned from any social media account identified in Interrogatory No. 1 from January 1, 2023, to present, including the date of the action and the stated or actual reason.

**Response:**
Defendant objects as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Defendant further objects because identifying every blocked or restricted individual over multiple years would require substantial manual review. Subject thereto, Defendant denies that any actions were undertaken to unlawfully discriminate against Plaintiffs based on viewpoint.

**Supplemental Response:**
After reasonable inquiry, Defendant has identified a list or record reflecting persons blocked or restricted from the relevant City's Facebook page. There are no users blocked, to the extent responsive historical information exists solely within

Facebook/Meta's administrative records and is not presently accessible to Defendant.

Regarding Defendant's campaign page, blocked users can be subpoenaed from Meta, if the Court deems it appropriate. Defendant sustains that Plaintiff is not entitled to said information and retrieving it would be overly burdensome, without Meta's assistance.

**Ruling:** Defendant's objections based on overbreadth and burden are overruled. The Facebook Help Center Guide provides simple instructions for an account holder to obtain a list of blocked users. *See* https://www.facebook.com/help/471563593459787/?helpref=uf_share. Defendant's proportionality objection, however, is sustained. Plaintiff has failed to establish the relevance of the identity of other blocked users to her claim that she was blocked in violation of the First Amendment or any defenses in this case. No supplementation is required.

**Interrogatory No. 4:**
Identify all persons blocked or restricted from viewing or interacting with Public Service Announcements concerning road closures, boil-water advisories, sewer issues, potential fire station closures, city program giveaways, emergency or official health advisory notices, or other public safety communications.

**Response:**
Defendant objects as vague, overly broad, and assuming facts not established. Defendant denies intentionally restricting any person from accessing emergency or public safety communications. All information pertaining to those subject areas are available on the City of Bogalusa Facebook page.

**Supplemental Response:**
Defendant denies intentionally restricting Plaintiff's access to emergency or public-safety information because of Plaintiff's viewpoint or protected speech.

Defendant states that emergency and governmental information was generally disseminated through public-facing City communication channels.

Regarding Plaintiff's allegation that she was unable to access particular information because of a social-media restriction, Defendant states that Plaintiff is not restricted, and never has been restricted, from accessing the City's official Facebook page.

Defendant does not presently possess additional information establishing that Plaintiff was prevented from receiving emergency information through all available public channels.

**Ruling:** Defendant's objection of vagueness and overbreadth is overruled. Defendant, however, has responded to the interrogatory. No supplementation is required.

**Interrogatory No. 5:**
Describe all complaints, criticisms, speech, or public statements made by Plaintiffs that preceded, coincided with, or followed any blocking or restriction decisions.

**Response:**
Defendant objects to the extent this interrogatory seeks protected political speech or generalized criticism unrelated to actionable conduct. Subject thereto, Defendant states that Plaintiffs have publicly criticized Defendant on numerous occasions, but Defendant denies retaliating against Plaintiffs in violation of the First Amendment. Plaintiff has also stalked Defendant, including hiding in bushes on private property down the street, to film Defendant's January 7, 2025, arrest at approximately 6:30 a.m. Defendant has also suffered mental and emotional anguish from previous in-person interactions with Plaintiff.

**Supplemental Response:**
Defendant was aware that Plaintiff publicly criticized Defendant and/or the City administration.

Defendant denies taking unlawful retaliatory action against Plaintiff because she criticized him.

Regarding the specific conduct Plaintiff apparently contends was retaliatory, Defendant responds as follows:

Plaintiff has taken multiple actions that rise to the level of harassment. Plaintiff made multiple unwanted advances on Defendant by the pool at her Silvert Main Place Home in the fall of 2023, stalked Defendant by hiding in bushes near his home filming at 6:30a.m. on January 7, 2025, texted Defendant with threats on different occasions, repeatedly lodges criminal complaints against Defendant, issued slanderous statements on social media, and many other instances. Specific documentation will be compiled by Defendant's next attorney. Defendant has sought to ignore Plaintiff for various reasons, but Plaintiff has consistently engaged in behavior potentially worthy of a Temporary Restraining Order.

Defendant has suffered mental and emotional anguish from repeated encounters with Plaintiff.

**Ruling:** Defendant's objections based on protected political speech or generalized criticism unrelated to actionable conduct are overruled. While Defendant's response disputes whether the

blocking was retaliatory, the question asks only to identify all complaints, criticisms, speech, or public statements made by Plaintiffs that preceded, coincided with, or followed any blocking or restriction decisions, not whether the blocking was in response to or retaliation for same. Defendant must supplement his response to identify Plaintiff's complaints, criticisms, speech, or public statements that preceded the date he blocked her from his social media.

**Interrogatory No. 6:**
Identify all City employees, officials, contractors, or agents who participated in or advised you regarding social media moderation or blocking decisions.

**Response:**
Defendant objects as overly broad insofar as it seeks "all" persons who may have participated in discussions regarding social media. Subject thereto, Defendant states that city employees and communications personnel may occasionally assist with public communications, but Defendant denies any unlawful coordination.

**Supplemental Response:**
Persons Defendant presently recalls participating in, assisting with, or advising concerning official City social-media communications include·

• **Malarie Hamilton** — made daily posts as part of her job as Public Information Officer.
• **Karen Varnado** — occasionally made posts prior to termination by the fiscal administrator
• **Tyrin Truong** --- approved general direction of social media campaigns (ex. spotlighting African American Bogalusa residents that made a difference during Black History Month). Defendant never approved individual posts prior to Malarie Hamilton's termination by the fiscal administrator in March 2025. After reasonable inquiry, Defendant does not presently recall additional persons responsive to this interrogatory. Again, nobody is blocked or has ever been blocked from the City of Bogalusa's page.

**<u>Ruling:</u>** Defendant's overbreadth objection is overruled. Defendant, however, has responded to the interrogatory. No supplementation is required.

**Interrogatory No. 7:**
Identify all Facebook pages, profiles, or online accounts with which you have communicated, coordinated, endorsed, amplified, or interacted, including but not limited to Bogalusa Resistance Council, The Parish Spectator, Colonial Creosote: EPA Superfund, the account using the name "Myshia Jones," and the profile belonging to Daryll Smith.

**Response:**
Defendant objects on First Amendment grounds and further objects because the interrogatory seeks information regarding third parties, anonymous speech, and political commentary unrelated to the claims at issue. Defendant denies coordinating unlawful retaliation, defamation, or harassment with any third-party account.

**Supplemental Response:**
Defendant denies coordinating with third-party social-media accounts for the purpose of unlawfully retaliating against Plaintiff, suppressing Plaintiff's protected speech, or disseminating knowingly false information concerning Plaintiff.

Defendant did not communicate with third parties regarding Plaintiff during the relevant period.

**Ruling:** Defendant's objection based on the First Amendment is overruled. Defendant's objection based on relevance to the extent the request seeks information regarding third parties is sustained. Plaintiff has failed to establish how Plaintiff's interactions with these non-parties has any relevance to her claim that she was blocked in violation of the First Amendment or any defenses in this case. No supplementation is required.

**Interrogatory No. 8:**
Describe all communications between you, Christopher Dudkienski, Emma Dixon and/or Angular Adams relating to Bogalusa Rebirth, the Louisiana Housing Corporation, housing permits, funding, or complaints.

**Response:**
Defendant objects as vague, overbroad, and seeking information unrelated to any viable cause of action. Subject thereto, Defendant states that communications concerning permits, funding, and public projects may have occurred in the ordinary course of municipal governance. All correspondence is available through the City's public records custodian. Residents are able to submit public records requests, in accordance with state law.

**Supplemental Response:**
Defendant states that City communications regarding permits, funding, utilities, inspections, and public projects may be maintained by the appropriate City departments rather than personally by Defendant.

With respect to Plaintiff and/or Bogalusa Rebirth, Defendant personally recalls being briefed by city employees pertaining to illegal development activities DuPont

was participating in. For example, DuPont tried to illegally build 8 houses on one property, against city code. She was denied by the Planning and Zoning Board multiple times. Meeting minutes from that meeting and any emails are retrievable through the City's public records custodian.

Defendant does not personally possess or control all departmental records maintained by the City of Bogalusa.

**Ruling:** Defendant's vagueness and overbreadth objections are overruled. Defendant's objection based on relevance to the extent the request seeks information regarding third parties is sustained. Plaintiff has failed to establish how Plaintiff's interactions with the specified non-parties has any relevance to her claim that she was blocked in violation of the First Amendment or any defenses in this case. No supplementation is required.

**Interrogatory No. 9:**
Describe any role you played in initiating, directing, encouraging, approving, or ratifying communications to the Louisiana Housing Corporation concerning Bogalusa Rebirth.

**Response:**
Defendant objects because the interrogatory assumes improper conduct. Subject thereto, Defendant denies initiating or directing any unlawful interference concerning Bogalusa Rebirth. In the course of official city business, I may have communicated with Louisiana Housing Corporation to discuss potential partnerships, unrelated to Bogalusa Rebirth.

**Supplemental Response:**
Defendant recalls communications with Louisiana Housing Corporation in connection with official City business and potential housing partnerships. These were in-person discussions about bringing additional affordable housing to Bogalusa.

Defendant **did not** communicate with Louisiana Housing Corporation specifically regarding Plaintiff or Bogalusa Rebirth. Defendant denies that any such communication was undertaken for the purpose of unlawfully retaliating against Plaintiff.

**Ruling:** Defendant's objection is sustained to the extent it is based on relevance. Plaintiff has not established how communications with third parties bears any relation to her claims or any

defenses in this case. Regardless, Defendant has responded to the interrogatory. No supplementation is required.

> **Interrogatory No. 10:**
> Identify all actions you took or directed that delayed, obstructed, interfered with, or attempted to revoke permits, approvals, inspections, or utilities for Bogalusa Rebirth projects.
>
> **Response:**
> Defendant objects as vague and assumes facts not established. Defendant denies personally taking unlawful actions to obstruct permits, inspections, or utility access concerning Plaintiffs.
>
> **Supplemental Response:**
> Defendant denies personally taking unlawful action regarding permits, inspections, or utility access concerning Plaintiff.

**Ruling:** Defendant's vagueness and overbreadth objections are overruled. The objection is sustained to the extent it is based on relevance. Plaintiff has not established how communications with third parties bear any relation to her claims or any defenses in this case. Regardless, Defendant has responded to the interrogatory. No supplementation is required.

> **Interrogatory No. 11:**
> Identify all persons acting in concert with you who participated in online retaliation, dissemination of false statements, boycott activity, or suppression of corrective environmental information, to include all phone, email and social media communication with Lee Kelley and Cindy Lu Boyer.
>
> **Response:**
> Defendant objects on First Amendment grounds and because the interrogatory seeks protected political association and speech. Defendant denies acting in concert with others to disseminate knowingly false statements or unlawfully suppress information.
>
> **Supplemental Response:**
> Defendant denies acting in concert with others to knowingly disseminate false statements concerning Plaintiff or unlawfully suppress Plaintiff's protected speech.
>
> Following reasonable inquiry, Defendant does not presently identify additional responsive information within his personal possession, custody, or control.

**Ruling:** Defendant's objections are overruled. However, Defendant has responded to the interrogatory. No supplementation is required.

**Interrogatory No. 12:**
Identify all documents and electronically stored information supporting your defenses to Plaintiffs' claims.

**Response:**
Defendant objects insofar as the request seeks attorney work product or privileged material. Subject thereto, Defendant may rely upon publicly available records, social media records, governmental communications, pleadings, and documents produced in discovery.

**Supplemental Response:**
Without disclosing previous attorney-client communications, attorney work product, or other privileged material, Defendant presently identifies the following nonprivileged categories of information upon which he may rely:

1. Public records of the City of Bogalusa;
2. Social-media posts, screenshots, administrative records, and related publicly available information;
3. Communications involving Plaintiff and/or Bogalusa Rebirth that are properly discoverable;
4. Building, permit, inspection, utility, and related records, to the extent relevant;
5. Pleadings, orders, exhibits, and other materials filed in this action,
6. Testimony of persons identified in the parties' disclosures; and
7. Documents produced during discovery.

Defendant reserves the right to supplement this response as discovery continues.

**Ruling:** Defendant's objections based on attorney work product or privilege is insufficient insofar as Defendant fails to provide a privilege log. Any documents and electronically stored information supporting Defendant's defenses to Plaintiffs' claims must be identified on a proper privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Supplementation is required.

**Interrogatory No. 13:**
Identify any insurance policies, indemnification agreements, or defense arrangements that You contend may provide coverage for the claims asserted.

**Response:**
Defendant objects because insurance coverage and indemnification issues may implicate privileged or confidential matters. Subject thereto, Defendant states that any applicable insurance or indemnification information will be disclosed consistent with Rule 26 requirements, if applicable.

**Supplemental Response:**
After reasonable inquiry, Defendant states:

Defendant is unaware of any insurance agreement or indemnification agreement under which an insurer may be liable to satisfy all or part of a judgment in this action.

**Ruling:** Defendant's objections that insurance coverage and indemnification issues may implicate privileged or confidential matters is overruled. Insurance information should already have been provided under Rule 26(a)(1)(A)(iv). Although Defendant stated during a prior hearing that the City's insurer has denied coverage, the request calls for any insurance agreement under which an insurer may be liable. To the extent that Defendant has filed a claim with any insurer, the applicable insurance coverage information must be disclosed. Supplementation is required.

**Request No. 1:**
All documents identifying social media accounts, pages, or profiles operated, controlled, or influenced by Defendant.

**Response:**
Defendant objects as overly broad and seeking information protected by the First Amendment. Subject thereto, Defendant will produce nonprivileged responsive documents, if any, within Defendant's possession, custody, or control.

**Supplemental Response:**
Subject to Defendant's previously stated objections, after reasonable inquiry Defendant has **not located** responsive, nonprivileged documents within his possession, custody, or control.

There is not a document that exists to prove this.

**<u>Ruling:</u>** Defendant's objection based on protected speech is overruled. The term "influenced," however, is ambiguous, and as with Interrogatory No. 1, that objection is sustained. Defendant's reference to production of nonprivileged documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C). Moreover, Defendant has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Additionally, electronically stored information falls within the scope of Rule 34. Supplementation is required.

> **Request No. 2:**
> All records, logs, screenshots, metadata, or audit trails reflecting blocking, restriction, muting, or banning of users.
>
> **Response:**
> Defendant objects as unduly burdensome and disproportionate to the needs of the case, particularly as to "metadata" and "audit trails." Subject thereto, Defendant will produce nonprivileged responsive documents, if any.
>
> **Supplemental Response:**
> Subject to Defendant's previously stated objections, after reasonable inquiry Defendant has **not located** responsive, nonprivileged documents within his possession, custody, or control.
>
> There is not a document that exists to prove this.

**<u>Ruling:</u>** Defendant is reminded that electronically stored information falls within the scope of Rule 34. Defendant's objection based on burden is overruled. The Facebook Help Center Guide provides instructions for account holders to obtain information regarding blocked users. *See* https://www.facebook.com/help/471563593459787/?helpref=uf_share. The proportionality objection, however, is sustained. Plaintiff has failed to establish the relevance of the identity of other blocked users to her claim that she was blocked in

violation of the First Amendment or any defenses in this case. Supplementation is required with regard to any information regarding blocking of Plaintiff, but not other non-parties.

**Request No. 3:**
All Public Service Announcements posted by Defendant from January 1, 2023, to present, including deleted or edited versions.

**Response:**
Defendant objects as overly broad insofar as it seeks "all" public service announcements, including deleted content. Subject thereto, responsive nonprivileged materials publicly available may be identified or produced.

**Supplemental Response:**
Subject to Defendant's previously stated objections, after reasonable inquiry Defendant has **not located** responsive, nonprivileged documents within his possession, custody, or control.

There is not a document that exists to prove this. Defendant does not recall the number of Public Service Announcements", the dates or the information within said announcements. Both Facebook pages have a policy of not deleting posts. If any exist, they are still publicly available and obtainable through the City's public records custodian.

**Ruling:** Defendant's objection based on overbreadth is overruled. Defendant's reference to the availability of responsive nonprivileged documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C). Moreover, Defendant has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Additionally, electronically stored information falls within the scope of Rule 34. Defendant's objection to producing information readily available on the City's Facebook page is sustained. However, Defendant has blocked Plaintiff from his personal account and thus same would not be publicly available to her. Supplementation and production of same is required.

**Request No. 4:**
All documents reflecting complaints, criticisms, or speech that preceded or followed blocking decisions.

**Response:**
Defendant objects as vague and overbroad. Subject thereto, Defendant will produce nonprivileged responsive documents, if any exist.

**Supplemental Response:**
After reasonable inquiry Defendant has **not located** responsive nonprivileged documents. No documents exist showing comments preceding blocking users because no users are blocked.

**Ruling:** Defendant's objection based on vagueness is overruled. The overbreadth objection is sustained to the extent the request purports to require production of information regarding non-parties. Defendant's reference to production of nonprivileged responsive documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C), and he has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Defendant's response also appears to collapse both his Facebook page and the City's Facebook page rather than address the request as to each. Defendant's assertions that no user has been blocked appears to exclude Plaintiff.

Defendant must undertake reasonable investigation to locate and produce any documents reflecting Plaintiff's complaints, criticisms, or speech that preceded Defendant's blocking her from his Facebook page. Supplementation is required.

**Request No. 5:**
All communications between Defendant and City employees or agents regarding social media moderation or suppression of content.

**Response:**
Defendant objects because the request is overly broad and seeks internal governmental deliberations unrelated to the claims asserted. Subject thereto, Defendant will produce nonprivileged responsive documents, if any.

**Supplemental Response:**
After reasonable inquiry Defendant has **not located** responsive nonprivileged documents. No communications exist regarding suppression of content because it never took place.

**Ruling:** Defendant's objection based on overbreadth is overruled. Likewise, his objection based on internal governmental deliberations is insufficient insofar as Plaintiff fails to identify a recognized privilege and attach a privilege log as necessary to justify failure to produce documents based on invocation of privilege. Defendant's reference to the production of nonprivileged responsive documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C), and he has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Defendant's response also appears to collapse both his Facebook page and the City's Facebook page rather than address the request as to each. Defendant's assertions that no user has been blocked appears to exclude Plaintiff.

Defendant must undertake reasonable investigation to locate and produce any documents between him and City employees or agents regarding social media moderation or suppression of content involving Plaintiff. Supplementation is required.

**Request No. 6:**
All communications between Defendant and Emma Dixon concerning Bogalusa Rebirth or the Louisiana Housing Corporation.

> **Response:**
> Defendant objects as vague and overly broad. Subject thereto, Defendant will produce nonprivileged responsive communications, if any, within his possession, custody, or control.
>
> **Supplemental Response:**
> After reasonable inquiry Defendant has **not located** responsive nonprivileged documents within his possession, custody, or control. If any emails exist, they are retrievable through the city's public records custodian.

**Ruling:** Defendant's objection based on vagueness is overruled, but the objection based on overbreadth is sustained. Plaintiff has failed to establish how communications involving these third parties is relevant to her claim that she was blocked in violation of the First Amendment or any defenses in this case. Supplementation and production of same is required with regard to any communication regarding Plaintiff, but not other non-parties.

> **Request No. 7:**
> All drafts, notes, emails, texts, or messages sent to or received from the Louisiana Housing Corporation referencing Bogalusa Rebirth.
>
> **Response:**
> Defendant objects because the request seeks documents equally available from third parties and may include privileged governmental communications. Subject thereto, Defendant will produce responsive nonprivileged documents, if any.
>
> **Supplemental Response:**
> After reasonable inquiry Defendant has **not located** responsive communications within his possession, custody, or control.

**Ruling:** Defendant's objection based on documents equally available from third parties is overruled. Likewise, his objection based on governmental communications is insufficient insofar as Plaintiff fails to identify a recognized privilege and attach a privilege log as necessary to justify failure to produce documents based on invocation of privilege. Defendant's reference to the production of nonprivileged responsive documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C), and he has not provided a privilege log which includes the identification of any

responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Plaintiff has not, however, established how communications involving this third party regarding another third party is relevant to her claim that she was blocked in violation of the First Amendment or any defenses in this case.

Supplementation is required to identify any privileged communication regarding Plaintiff or make clear that no document has been withheld based on privilege.

> **Request No. 8:**
> All documents relating to permit delays, stop-work directives, revocation attempts, inspections, or utility connections affecting Bogalusa Rebirth projects.
>
> **Response:**
> Defendant objects because the request assumes wrongdoing and seeks documents beyond Defendant's custody or control. Subject thereto, Defendant will produce responsive nonprivileged documents, if any.
>
> **Supplemental Response:**
> After reasonable inquiry Defendant has **not located** responsive documents concerning the alleged conduct identified in this request. Communications from the Planning and Zoning Board, if any exist, can be obtained through the city's public records custodian.

**<u>Ruling:</u>** A party is not obliged to produce documents outside of its actual or constructive possession, custody or control and thus, the objection on that basis is unnecessary and improper. As such, it is overruled. However, Plaintiff has not established how discovery regarding another entity has any relevance to her claim that she was blocked in violation of the First Amendment or any defenses in this case. Defendant's reference to the production of nonprivileged responsive documents is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C), and he has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies.

Supplementation is required to identify any privileged documents regarding Plaintiff or make clear that no document has been withheld based on privilege.

> **Request No. 9:**
> All social media posts, comments, messages, images, or videos alleging fraud, environmental contamination, misuse of funds, or misconduct by Plaintiffs.
>
> **Response:**
> Defendant objects on First Amendment grounds and because the request seeks protected political speech and commentary. Defendant further objects to the extent the request seeks irrelevant or publicly available social media content.
>
> **Supplemental Response:**
> Subject to Defendant's objections concerning protected political speech and association, Defendant has conducted a reasonable search for responsive, nonprivileged materials. None found.

**Ruling:** Defendant's objections based on the First Amendment and protected political speech and commentary are overruled. The objections of relevance and publicly available information are likewise overruled to the extent the request seeks posts, comments, messages, images or videos **by Defendant** regarding allegations of fraud, environmental contamination, misuse of funds, or misconduct **by Plaintiff**. If Defendant has any post in which he has accused Plaintiff of fraud, environmental contamination, misuses of funds, or misconduct, supplementation and production of same is required.

Defendant's reference to responsive, nonprivileged materials is insufficient as it fails to make clear whether any document or information has been withheld based on privilege, as required by Rule 34(b)(2)(C), and he has not provided a privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. Supplementation is required to identify any privileged documents regarding Plaintiff or make clear that no document has been withheld based on privilege.

**Request No. 10:**
All documents reflecting amplification or endorsement of third-party content, including likes, shares, reposts, or comments.

**Response:**
Defendant objects because the request is vague, overbroad, and seeks protected political expression and association.

**Supplemental Response:**
After reasonable inquiry Defendant has **not located** responsive documents. Likes, shares, and reposts are not available in a document. Anything Defendant likes, shares or reposts on Facebook is his right under the First Amendment.

**Ruling:** Defendant's objections based on protected political expression and association speech and vagueness are overruled. Defendant's objection based on overbreadth is sustained insofar as Plaintiff seeks information regarding amplification or endorsement of third party content involving anyone other than Plaintiff as Plaintiff has not established how Defendant's liking of a post unrelated to her could possibly have any relevance to any claim or defense in this case.

Supplementation and production of same is required insofar as Defendant has any records or available information reflecting his amplification or endorsement of any third party content regarding Plaintiff.

**Request No. 11:**
All documents relating to deletion, suppression, or removal of corrective or exculpatory information.

**Response:**
Defendant objects because the request assumes suppression or removal of "exculpatory' information and is vague as to scope and relevance.

**Supplemental Response:**
After reasonable inquiry Defendant has **not located** responsive documents relating to the alleged suppression or removal of Plaintiff's content. None exists.

**Ruling:** Defendant's objection of vagueness is overruled. The objection of relevance is sustained to the extent the request would purport to require production of documents or information unrelated to any claim or defense in this proceeding. However, Defendant has

responded to the interrogatory. If Defendant relied on any asserted objection to withhold responsive documents, supplementation is required. To the extent the response does not rely on any of the asserted objections, no supplementation is required.

> **Request No. 12:**
> All documents reflecting policies, training materials, or legal guidance regarding First Amendment compliance.
>
> **Response:**
> Defendant objects because the request seeks legal guidance potentially protected by attorney-client privilege and work product doctrine.
>
> **Supplemental Response:**
> Defendant maintains his objection to production of privileged attorney-client communications and attorney work product.
>
> After reasonable inquiry, Defendant has **not located** responsive **nonprivileged** materials.

**<u>Ruling:</u>** Defendant's objections based on attorney work product or privilege is insufficient insofar as he fails to provide a privilege log. Any documents and electronically stored information responsive to the request but withheld based on privilege must be identified on a proper privilege log which includes the identification of any responsive document withheld on that basis, logged by title, date, recipients, and subject matter sufficient to discern whether privilege properly applies. If Defendant relied on any asserted objection to withhold responsive documents, supplementation is required. To the extent the response does not rely on any of the asserted objections, no supplementation is required.

> **Request No. 13:**
> All electronically stored information, including metadata, responsive to these Requests.
>
> **Response:**
> Defendant objects because the request for "all electronically stored information" and metadata is overly broad, unduly burdensome, and disproportionate under Rule 26(b)(1).

**Supplemental Response:**
Defendant maintains his objections concerning overbreadth and proportionality to the extent this request seeks all electronically stored information and metadata without reasonable limitation.

**__Ruling:__** Initially, Defendant is again reminded that electronically stored information falls within the scope of Rule 26 and must be produced, even if not maintained in the form of a physical document. Defendant's objections based on overbreadth and proportionality, however, are sustained. To the extent Plaintiff seeks metadata for any particular item(s), Plaintiff may request same in a supplemental request for production.

## IV. __CONCLUSION__

Given that neither party was wholly successful and each party's position had some merit and was substantially justified, Rule 37 sanctions are not appropriate nor is a finding of contempt. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Determine Adequacy of Defendant's Discovery Responses and For Sanctions and Renewed Contempt Under Rule 37 (ECF No. 92) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendant provide any required supplemental written responses and production within 21 days. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN SANCTIONS.

IT IS FURTHER ORDERED that the requests for sanctions and finding of contempt are DENIED.

IT IS FURTHER ORDERED that a copy of this Order shall be sent to Defendant, Tryin Z.

Truong, via certified mail.

Dated this 7th day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE