UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY WILLIAMS DUPONT | CIVIL ACTION |
| VERSUS | NO. 24-2775 |
| TYRIN Z. TRUONG | SECTION "N" |

**ORDER TO SHOW CAUSE**

On August 28, 2026, the Court granted the Motion to Withdraw as Attorney, terminating Lillian Ratliff as counsel of record for Defendant Tyrin Truong.[1] In that Order, the Court mandated that Defendant Truong retain new counsel within thirty (30) days, and directed substitute counsel to file a motion to enroll within that period.[2]

Plaintiff has asserted claims against Mayor Truong in his official capacity.[3] It is well-established that an official-capacity suit is tantamount to a claim against the municipality itself.[4] Thus, because the true party in interest is a municipality—an entity—Mayor Truong must retain counsel to defend the official-capacity claims.[5]

To date, two deadlines to retain counsel have passed, and no substitute counsel has enrolled on behalf of Defendant. A plaintiff in a civil action has an affirmative duty to prosecute her case.[6] This includes both the individual and official capacity

[1] Rec. Doc. 94.
[2] *Id.*
[3] Rec. Doc. 65 ¶ 7.
[4] *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.").
[5] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may only be represented by licensed counsel…. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citation modified).
[6] Fed. R. Civ. P. 41(b)

claims. Although Mayor Truong has failed to comply with the Court's orders to retain counsel,[7] Dupont has not sought entry of default or otherwise requested relief concerning Mayor Troung's non-compliance.[8]

Accordingly,

**IT IS ORDERED** that Plaintiff Wendy Williams Dupont shall, within fourteen days (14) of this order, **SHOW CAUSE**, in writing, why she has not taken steps to prosecute her official capacity claims against Mayor Truong, including seeking entry of default pursuant to Federal Rule of Civil Procedure 55(a).

**IT IS FURTHER ORDERED** that Plaintiff may satisfy this Order to Show Cause by taking appropriate action to prosecute her official capacity claims.

**NEW ORLEANS, LOUISIANA**, this 26th day of October, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[7] Rec. Docs. 94 and 100.

[8] *See also Cent. Boat Rentals, Inc. v. Harbor Dredging, Inc.*, No. CV 23-2861, 2026 WL 554478, at *5 (E.D. La. Feb. 27, 2026) ("Where the unrepresented [entity] is the defendant, courts generally admonish the [entity] that it cannot proceed without licensed counsel, formally order it to retain counsel, strike its defenses, and/or ultimately consider whether dismissal or a default judgment is warranted."); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) ("A dismissal for failure to file a motion for default judgment is equivalent to a dismissal for failure to prosecute.").