U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Nov 2 2026
CAROL L. MICHEL
CLERK
cf EDSS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

____N____ DIVISION/SECTION

WENDY WILLIAMS DUPONT — CIVIL ACTION NO. _24-02775__

VERSUS — JUDGE __ANNA ST. JOHN_

MAYOR TYRIN Z. TRUONG — MAGISTRATE JUDGE _DONNA P. CURRAULT_

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (REC. DOC. 102)
AND REQUEST FOR APPROPRIATE RELIEF

Plaintiff Wendy Williams Dupont, proceeding pro se, responds to the Court's October 26, 2026 Order to Show Cause (Rec. Doc. 102) and respectfully states:

1. Plaintiff has actively prosecuted this action, including by filing the First Amended Complaint (Rec. Doc. 65), pursuing party discovery, seeking judicial enforcement of discovery obligations, and pursuing third-party evidence. Plaintiff has not intended to abandon either her individual-capacity or official-capacity claims.

2. The Court's October 26 Order states that, after withdrawal of Defendant's counsel on August 28, 2026, Defendant failed to comply with two deadlines to obtain substitute counsel for the official-capacity claims. Plaintiff understands the Court's explanation that the municipality is the real party in interest as to those claims and that an entity cannot appear without licensed counsel.

3. Plaintiff had been pursuing discovery and addressing Defendant's noncompliance and did not understand that a separate request for default or other relief was expected while the Court was addressing the counsel-enrollment issue. Plaintiff respectfully submits this response promptly upon receiving the Court's direction and asks that the Court find that Plaintiff has satisfied the Order to Show Cause.

4. As of October 30, 2026, Plaintiff's review of the docket showed no motion to enroll substitute counsel, and Plaintiff had received no notice of new counsel. Plaintiff requests that the Court determine the proper consequence of the continued lack of representation for the official-capacity claims. In light of the prior appearances and defenses in this action, Plaintiff recognizes that default under Rule 55(a) is not automatic solely because substitute counsel has not enrolled.

5. Plaintiff respectfully requests that the Court determine whether Defendant's continued failure to comply with its orders warrants entry of default pursuant to Rule 55(a), the

striking of applicable defenses, or other appropriate relief, after such notice and process as the Court deems necessary. If legally warranted, Plaintiff further requests that the Court establish the procedure for consideration of default judgment under Rule 55(b). Alternatively, Plaintiff requests an order specifying the consequences of further noncompliance.

6. Separately, Plaintiff reports that, as of October 30, 2026, she had received no supplemental discovery responses pursuant to the Court's October 7, 2026 order (Rec. Doc. 101), which set an October 28 deadline. Plaintiff reserves the right to seek appropriate relief under Rule 37 in a separately supported motion identifying the particular discovery obligations, prejudice, and requested sanctions.

7. Plaintiff also continues to pursue third-party discovery from Meta Platforms, Inc. Plaintiff has transmitted notice of a renewed subpoena to Defendant by email, retained a California process server, and paid $125 for that service. As of October 30, 2026, Plaintiff had not received confirmation of completed service on Meta. Plaintiff intends to complete any further required notice and to address any Rule 45 objections or enforcement issues in the appropriate forum. This update is offered to demonstrate continued prosecution, not as a request to enforce the subpoena in this filing. Plaintiff further notes that the preliminary accounting of legal and litigation-related monetary expenditures totals approximately $30,496.69, including the $125 Meta process-server payment.

8. Plaintiff continues to pursue the relief requested in her First Amended Complaint, including compensatory damages for personal injuries proven to have been caused by Defendant's alleged constitutional violations. Plaintiff wishes the Court to understand that the alleged conduct and its continuing consequences have placed her under considerable stress and caused significant personal suffering, emotional distress, embarrassment, humiliation, mental anguish, and concern for her personal and professional reputation. Plaintiff describes this impact to explain the personal burden underlying her compensatory-damages claim and to support her request for meaningful monetary relief through the procedures authorized by law. Plaintiff unequivocally denies Defendant's recent allegations that she made personal advances toward him, as she understands it was stated in a sworn court filing. Plaintiff maintains that this allegation is false and has caused her significant humiliation, emotional distress, and concern for her reputation. Plaintiff will identify the precise filing and establish the allegation's legal relevance and any causal connection before relying on it as damages evidence; distress arising from statements made in litigation is not automatically compensable as injury caused by the underlying constitutional violations. Plaintiff respectfully requests that the Court determine any compensatory damages, if liability and entitlement are established, at trial or another procedurally appropriate damages proceeding based on the evidence.

9. Plaintiff respectfully requests that the Court consider all legally available remedies arising from Defendant's repeated noncompliance, including entry of default, appropriate

sanctions, and monetary relief where warranted. Plaintiff further requests that, if the Court determines that liability may be established through default or other appropriate proceedings, the Court establish an expedited procedure for determining Plaintiff's compensatory damages and any other legally recoverable monetary relief. Plaintiff reserves the right to seek properly supported, recoverable costs and expenses, as well as nominal damages and punitive damages against Defendant Truong in his individual capacity to the extent authorized by the operative pleadings and applicable law. Plaintiff does not waive or abandon her request for monetary relief and seeks to avoid unnecessary additional proceedings to the extent permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests that the Court: (a) deem this response sufficient to discharge the October 26 Order to Show Cause; (b) determine whether Defendant's continued failure to obtain counsel for the official-capacity claims warrants entry of default under Rule 55(a), striking applicable defenses, or other appropriate relief; (c) if legally warranted, establish an expedited procedure for consideration of default judgment under Rule 55(b), determination of compensatory damages, and any other recoverable monetary relief; (d) consider appropriate sanctions for Defendant's noncompliance to the extent procedurally authorized, without prejudice to a separately supported Rule 37 motion if required; (e) recognize Plaintiff's continued prosecution of party discovery and third-party process; and (f) grant such other relief as is just and proper.

Respectfully submitted,

[signature]

WENDY WILLIAMS DUPONT

Plaintiff, Pro Se

Date: 11/2/2026

**CERTIFICATE OF SERVICE**

I certify that on 11/2/2026, 2026, I served a copy of the foregoing upon Defendant Tyrin Z. Truong by the following method(s):

Email to mayor@bogalusa.org

[signature]

Wendy Williams Dupont